## WELLS V. STATE.

53  211
64  250

Decided May 3, 1890.

*Criminal law—Change of venue—Counties having two judicial districts.*

Where, in the court of a district of a county having two districts for hold-
ing court, a defendant in a criminal case makes proper application for
change of venue upon the ground of prejudice in the minds of the in-
habitants of the county, he is entitled to a removal to another county in
the same judicial circuit, and cannot be restricted to another district in
the same county.

APPEAL from *Yell* Circuit Court, Dardanelle District.

J. E. CRAVENS, Special Judge.

*Sam W. Williams* and *J. P. Byers* for appellant.

1. The court should have arrested the judgment, for,
after the filing of a proper petition properly sustained for
change of venue, the Yell circuit court had no further juris-
diction, for the duty of the court was plain and admitted of
no discretion.

The grounds upon which the court placed its refusal are
wholly untenable; to require a man to be tried in a county
whose inhabitants were so prejudiced against him was a vio-
lation of the statute and appellant's constitutional right.
Mansf. Dig., sec. 2195; Art. 2, sec. 10, Const.

The case of *Walker v. State*, 35 Ark., 386, should be
overruled. But it does not decide the question involved
here. The statute and the constitution prescribe that the
trial shall be *removed from the county;* and the making of
two districts does not make a county. A trial by an impar-
tial and unprejudiced jury is a constitutional right. Cooley,
Const. Lim., p. 390 *et seq.*, ch. 10.

2. Section 6, act December 15, 1875, has no applica-
tion to this case. "May change the venue from one district to
another," can apply only to civil cases; if intended to apply
to criminal cases, it violates the constitution.

*W. E. Atkinson*, Attorney General, and *T. D. Crawford* for appellee.

By act of December 15, 1875, the districts of Yell county were to be considered as *separate and distinct counties*. The act was held constitutional in *Walker v. State*, 35 Ark., 389. It was appellant's duty to have made his application in accordance with law. Const. 1874, art. 2, sec. 10. The application was defective; there was no abuse of judicial discretion, and the action is not reviewable.

HUGHES, J. The appellant was indicted for murder in the first degree by the grand jury in the Dardanelle district of Yell county, Arkansas, was arraigned and pleaded not guilty, and then filed a motion for a change of venue on the ground that the minds of the inhabitants of Yell county, where the cause was pending, were so prejudiced against him, that he could not obtain a fair and impartial trial therein, and concluded the motion by saying, "this applies also to Pope county." The motion was sworn to by defendant and three other persons. The court decided to overrule the motion unless so amended as to apply to the Dardanelle district of Yell county alone, and that, if so amended, a change of venue would be ordered. The defendant and his counsel refused to amend said motion, and the court overruled it, to which the defendant at the time excepted.

He was tried and convicted of murder in the first degree.

He filed a motion for a new trial, which was overruled, to which an exception was saved. He then filed a motion in arrest of judgment on the ground that the court, after the motion for change of venue had been filed, had no jurisdiction to try the cause, and should have made the order for the removal of it to some other county of that judicial district for trial. The motion in arrest was overruled, and the defendant excepted, tendered his bill of exceptions and appealed.

The first ground of the motion for a new trial was, that

the court erred in not granting the change of venue. There were other grounds which we do not deem it necessary to notice, further than to say that the instructions appear to have been fair to the defendant.

Section 10, Art. 2, of the constitution provides that: "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed; provided that the venue may be changed to any other county of the judicial district in which the indictment is found, upon the application of the accused, in such manner as now is, or may be, prescribed by law."

Section 2195 of Mansfield's Digest provides that "any criminal cause pending in any circuit court may be removed by the order of such court, or by the judge thereof in vacation, to the circuit court of another county, whenever it shall appear in the manner hereinafter provided, that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial cannot be had therein."

The sixth section of the act of December 15, 1875, entitled, "An act to establish separate courts in the county of Yell," provides, "that the circuit courts hereby established in the respective districts of Yell county shall be as distinct from each other, and shall have the same relation to each other, as if they were circuit courts of different counties, and may change the venue of cases from one district to the other, or to any other county in the judicial circuit, in like manner as changes of venue are granted in this State."

In *Walker v. State*, 35 Ark., 386, it was held that this act was constitutional, and that "the provision limiting the selection of grand and petit juries in the Dardanelle district to the territory comprised within that district is not in conflict with the tenth section of the declaration of rights.

While it is competent for the circuit court, under this

Change of ven-
ue in counties
having two judi-
cial districts.

act, to change the venue in a criminal case from one of these districts to the other, where the application for a change of venue states only that the minds of the inhabitants of the district from which the change is sought are so prejudiced against the defendant that a fair and impartial trial could not be had therein, we do not think it competent for the court to refuse to grant the change of venue to another county in the same judicial district when the cause or ground of the application is made to extend to the whole county, as in this case, and the application is otherwise in accordance with the statute.

The words in the motion, "this applies also to Pope county," were mere surplusage.

Another county than the one in which a criminal cause is pending cannot properly be included in a motion for change of venue, but in a civil cause the statute permits it.

When a motion for a change of venue in a criminal cause supported by proper affidavits is made in due time in accordance with the statute upon the ground that the minds of the inhabitants of the county where the cause is pending are so prejudiced againt the defendant that he cannot obtain a fair and impartial trial therein, it becomes the imperative duty of the court to order the removal of the cause, and the defendant cannot be restricted to another district for holding court in the same county, but is entitled to have the cause removed for trial to another county in the same judicial district, in accordance with the constitution and statutes.

There was error in the judgment of the circuit court in refusing to order a change of venue in the cause upon the application of the defendant, unless he would so amend his motion as to make it apply alone to the Dardanelle district of Yell county, for which the cause is reversed and remanded.