BRUCE *v.* STREET, EXECUTOR.

4-7283 178 S. W. 2d 489

Opinion delivered March 6, 1944.

*T. J. Carter* and *Sidney Kelley,* for appellant.

*Shelby C. Ferguson* and *Smith & Judkins,* for appellee.

GRIFFIN SMITH, Chief Justice. As a matter of substantive law,[1] appellant is correct. The Chancery Court for Sharp County, sitting, as the decree recites, "in lawful session" in the Northern District, did not have jurisdiction to try title to lands in the Southern District.

We do not reach merits of the case. Street sought by an action in Circuit Court, Southern District, to eject Bruce from realty in respect of which the dividing line between plaintiff and defendant was in dispute.

By Act 39, approved February 27, 1893, Sharp County was divided into judicial districts. Jurisdiction of the Circuit, Chancery and Probate Courts was territorially circumscribed.[2] In 1933 (Act 110, approved March 16) it was provided that ". . . jurisdiction of the Circuit Court sitting [at Hardy or Evening Shade] shall be coextensive with the entire County." There was no mention of Chancery or Probate Courts.

Street began his action in Circuit Court at Evening Shade. It was transferred to Hardy; then, by consent, removed to Chancery and tried. On appeal the jurisdictional question is raised for the first time.

---

[1] The term "substantive" is applied because, in the absence of affirmative law conferring jurisdiction of the subject matter on a court sitting in the Northern District, appellant had a right, absolute, to defend in the Southern District. It was a right inseparable from his ownership of the land; hence, one that could not be waived.

[2] For the Northern District Hardy was designated as the judicial situs, while as to the Southern District Evening Shade was named.

Legislation creating Judicial districts within a county has been upheld.[3]

The holding in *Williams* v. *Montgomery,* 179 Ark. 611, 17 S. W. 2d 875, was: "The requirement as to the district in the county in which the suit may be brought is a mere personal privilege granted to the parties, which may be waived like any other privilege of personal right of this character."

In the Montgomery case Williams sued for personal injuries. There were two defendants, each of whom lived in the Northern District of Arkansas County. Complaint was filed in the Southern District. Under the dividing act, defendants were not required to answer in the district other than that of resident. Chief Justice HART, who wrote the opinion, cited *Saliba* v. *Saliba,* 178 Ark. 250, 11 S. W. 2d 774, 61 A. L. R. 1348, where it was held that a transitory action might be maintained in either of the two districts of Mississippi County. But, said the Chief Justice, the defendant in the Saliba case did not move to quash summons.

In the cause before us the action was not transitory. It involves title to land in the Southern District; and, since Circuit Court (which had concurrent jurisdiction in respect of the Northern and Southern Districts) transferred to Chancery in the Northern District, it follows that the decree was, (in the borrowed language of older writers) *coram non judice.* This being true, its *prima facie* force might have been avoided by petition to this Court for review by certiorari—a relatively inexpensive procedure. If the jurisdictional question had been presented to the Court below, motion to abate would have been sustained. Since this was not done, equity requires that all appeal costs be assessed against appellant.

Decree reversed. The cause, having reached Chancery by transfer, is remanded.

[3] *Walker* v. *State,* 35 Ark. 386; *Williams* v. *State,* 42 Ark. 35; *Bonner* v. *Jackson,* 158 Ark. 526, 251 S. W. 1; *Cowger* v. *Ellison,* 175 Ark. 478, 299 S. W. 1031; *Pryor* v. *Murphy,* 80 Ark. 150, 96 S. W. 445. See, also, *State* v. *Martin,* 60 Ark. 343, 30 S. W. 421, 28 L. R. A. 153. [Compare *Wells* v. *State,* 53 Ark. 211, 13 S. W. 737; *Kent* v. *State,* 64 Ark. 247, 41 S. W. 849.]