SMITH *v.* WAGGONER, JUDGE.

4-8300                                                  205 S. W. 2d 465

Opinion delivered November 17, 1947.

*Botts & Botts,* for petitioner.

*A. G. Meehan* and *G. B. Segraves, Jr.,* for respondent.

SMITH, J. Suits were filed by the next friend of two minors to recover damages to compensate personal in-

juries which they sustained as a result of a collision between an automobile and a truck, which occurred in the City of Stuttgart, in the Northern District of Arkansas county. The suit originally was against three defendants, one of these being the Arkansas State College. A demurrer filed by the college was sustained, and the cause was dismissed as to it, leaving only one T. B. Smith, a resident of the Southern District of Arkansas county, and one Joe Hill, a resident of Clark county, as defendants.

Hill filed an answer denying liability. Smith filed a motion to quash the service, upon the ground that being a resident of the Southern District of Arkansas county, he was not subject to suit in the Northern District of that county. This motion was sustained in an order entered February 19, 1947. But on the next day this order was set aside, and the motion to quash was overruled and the case was set for trial on the first day of the ensuing June term of the court. Whereupon, Smith filed here a petition for prohibition against the court from proceeding with the trial, as is about to be done.

Three statutes must be considered in determining whether the writ should be granted. The first of these is Act 314 of the Acts of 1939, p. 769, entitled "An Act to Fix the Venue of Actions for Personal Injury and Death." Section 1 of this Act reads as follows: "All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death, or in the county where the person injured or killed resided at the time of injury, and provided further that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a regular employee of such party, and on duty at the time of such service."

This act has been construed in numerous cases as holding that actions of this character have been localized and that the venue thereof is fixed either in the county

in which the injury occurred or in the county where the plaintiff resided when injured.

Section 2 of this Act provides: "This act shall not repeal any provision of venue of actions except such as are inconsistent herewith and all laws and parts of laws in conflict herewith are repealed."

Another act to be taken into consideration is Act 21 of the Acts of 1941, p. 48, entitled "An Act to Provide for Statewide Service of Process in Local Actions." Section 1 of this Act reads as follows: "In any action which may lawfully be brought only in some one or more particular counties in this state, and not in any county of the State in which service may be had on the defendant, so that the venue of such action is local and not transitory in nature, summons may be served upon the defendant or defendants in such action in any county in this state."

This statute appears to be conclusive that the writ should be denied.

Petitioner concedes that the action here sued on has been localized in Arkansas county, but he insists that the act creating two judicial districts in Arkansas county requires that he be sued in the Southern District of that county, and that § 2 of Act 314 above quoted, leaves unaffected the provisions of the Act creating two judicial districts in Arkansas county, but requires suits against residents of Arkansas county to be brought in the district of the county in which they reside.

Act 63 of the Acts of 1913, p. 192 is, "An Act to Establish Two Judicial Districts in Arkansas County," and was construed in the case of *Williams* v. *Montgomery*, 179 Ark. 611, 17 S. W. 2d 875. See, also, *Murrell* v. *Exchange Bank*, 168 Ark. 645, 271 S. W. 21, 44 A. L. R. 1391.

In the Williams case, *supra*, Chief Justice HART said: "As above stated, Arkansas county was divided into two judicial districts by the Legislature of 1913. Acts of 1913, p. 192. Section 4 of the act prescribed the terri-

torial jurisdiction of the circuit court for the Northern District, and in like manner for the Southern District. It contains a proviso that no citizen or resident of the Northern District shall be liable to be sued in the Southern District, nor shall any citizen or resident of the Southern District be liable to be sued in the Northern District, in any action whatever. Section 6 provided that, in order to ascertain in which of the respective districts actions cognizable in the circuit and chancery courts shall be returnable and tried, the said districts, for all the purposes of the acts, shall be considered as separate and distinct counties, and the mode and the place for trying suits shall be determined by the general law applicable to different counties.''

In that case defendants residing in the Northern District of Arkansas county were sued in the Southern District thereof, and a motion was filed to quash the service in that case on the ground that the defendants were not sued in the district of the county in which they resided. The motion to quash the service was sustained and that action was affirmed on the appeal, although that was a suit for a personal injury, but that opinion was delivered before the passage of the 1939 act.

Under this act suits for personal injury must be brought in the county of the plaintiff's residence, or in the county where the injury occurred. As said by Justice HART, the Northern and Southern Districts of Arkansas county are, so far as venue is concerned, to be regarded as separate counties. So, therefore, inasmuch as the plaintiffs resided in the Northern District of Arkansas county, and the injury occurred in that district, the suits must be brought there, and the place of residence of the defendants is unimportant. Process against them may be served in the Southern District of the county, just as it might be in any other county of the state in which the defendants are found.

The writ must therefore be denied and it is so ordered,