238 

UNIVERSAL CIT CREDIT CORP. *v.* TROUTT, Ex'x

5-2698 357 S. W. 2d 507

Opinion delivered May 28, 1962.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellant.

*Hall, Purcell & Boswell,* for appellee.

NEILL BOHLINGER, Associate Justice. The appellee, Lucille Cox Troutt, brought this action in the Saline Circuit Court as executrix of the estate of George L. Troutt to recover the sum of $10,000.00 which she alleged was due under a policy of life insurance which the appellant, Universal C. I. T. Credit Corporation was to have procured from the Old Republic Life Insurance Company on the life of her husband, George L. Troutt.

It appears from the record before us that George L. Troutt and I. E. McCray contemplated the installation of swimming pools which were to be purchased from the Arkansas Swimming Pool Corporation of which McCray and Troutt were the organizers. It was planned that the Arkansas Swimming Pool Corporation would take the notes of McCray and Troutt and transfer them to the appellant, Universal C. I. T.

McCray and Troutt conferred with the appellant which, after a credit investigation, agreed to purchase their notes from the Swimming Pool Corporation and McCray and Troutt filled out certain forms presented to them by the appellant and the appellant's manager testified that he advised both parties that since the transaction involved real estate their wives would be required to sign the notes with them. McCray's wife signed the McCray note but it does not appear that Mrs. Troutt signed the note which the appellant contends was necessary to complete the application for the loan and both Troutt and McCray were advised at that time that $10,000.00 in life insurance would be purchased as credit life insurance to secure the loan and that they were insured from that point on. George L. Troutt died a few days subsequent to the meeting between McCray, Troutt, and the representative of the appellant. Mrs. McCray, not wishing to complete the purchase of the swimming pool, cancelled the order.

Mrs. Troutt, executrix of George L. Troutt's estate, advised the Old Republic Life Insurance Company and the appellant of the death of Mr. Troutt and made claim for $10,000.00, the amount of insurance which she states the appellant was to purchase for the account of George L. Troutt. The appellant rejected the claim.

Thereafter Mrs. Troutt, as executrix, brought this action in the Saline Circuit Court and prayed judgment against the Old Republic Life Insurance Company and the appellant, both jointly and severally, for breach of contract and to recover on an insurance policy. Summons was issued and served on the Old Republic Life Insurance Company from the Saline Circuit Court which was the county wherein Mr. Troutt resided and died and summons was also served in Pulaski County on the appellant in that action, although it is stipulated that the appellant neither resides in nor maintains an office in Saline County.

Subsequently Mrs. Troutt filed an amended complaint, the prayer of which, as with the original com-

plaint, prayed judgment against the Old Republic Life Insurance Company and the appellant, jointly and severally, for breach of contract and for penalties and attorney's fees.

The appellant raised the question of jurisdiction of the Saline Circuit Court and the cause was thereupon transferred to the Pulaski Circuit Court in which county the appellant maintained an office. The Pulaski Circuit Court refused to accept jurisdiction and transferred the action to the Saline Circuit Court. Upon this return to the Saline Circuit Court a number of pleadings and motions of various kinds were filed but since the cause is to be decided entirely on the question of venue we do not go into the matter of the side issues raised by those pleadings.

On the trial of the case, at the conclusion of the evidence on behalf of the plaintiff, the defendant, the Old Republic Life Insurance Company, moved the court for a directed verdict on the grounds that no proof had been offered that the Universal C. I. T. Credit Corporation was the agent of the Old Republic Life Insurance Company or that the appellant agreed to place any insurance in any particular company. This motion the court granted and dismissed the cause as to the Old Republic Life Insurance Company.

Immediately after the granting of that motion the appellant moved the court to dismiss the cause as to it on the grounds that the action against its co-defendant, the Old Republic Life Insurance Company, had been dismissed and that consequently the venue was improper with respect to the Universal C. I. T. Credit Corporation because it was served with summons in Pulaski County and that it did not maintain any office or place of business in Saline County. This motion the court denied. This was error.

Up to the point where the court dismissed the Old Republic Life Insurance Company the Saline Circuit Court had jurisdiction. Mr. Troutt resided in Saline

County and Ark. Stats. § 66-3234 provides for an action on an insurance policy in the county where the insured died or in the county of the insured's residence at the time of death. It is inherent, except where there is a statute to the contrary, that each defendant is liable to suit only in the county wherein he resides or wherein it maintains an office and defendant cannot be dragged from the forum of his residence or place of business except in the case where a suit is against several defendants as set forth in the Arkansas Statutes, § 27-613, where it is provided that action "may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned." The Old Republic Life Insurance Company was properly summoned in Saline County but § 27-615 of the Statutes provides:

"Where any action embraced in section 96 [27-613], is against several defendants, the plaintiff shall not be entitled to judgment against any of them on the service of summons in another county than that in which the action is brought, where no one of the defendants is summoned in that county, or resided therein at the commencement of the action, or where, if any of them resided, or were summoned in that county, the action is discontinued or dismissed as to them, or judgment therein is rendered in their favor, unless the defendant summoned in another county, having appeared in the action, failed to object before the judgment to its proceeding against him."

The statute is plain and beginning with the case of *Stiewel* v. *Borman*, 63 Ark. 30, 37 S. W. 404, this court has uniformly held that a judgment cannot be rendered against a defendant jointly sued with others who neither resided in the county in which suit was brought, nor was summoned therein, if he objected before judgment to the proceeding, or unless judgment is rendered against a codefendant who was summoned in that county or who resided therein at the commencement of the action.

In the case of *Wernimont* v. *State,* 101 Ark. 210, 142 S. W. 194, Justice Frauenthal, speaking for the court, said:

"* * * It is the policy and spirit of our law, enacted into statute by our Legislature, that every defendant shall be sued in the township or county of his residence. To this general principle there are statutory exceptions, chiefly in cases where there is a joint liability against two or more defendants residing in different counties. In such cases it is provided that suits may be brought in the county of the residence of any of the defendants, and service of summons can then be had upon the other defendants in any county, thereby giving jurisdiction over their persons to the court wherein the suit is thus instituted. Kirby's Digest, §§ 6072 and 4588 Ark. Stats. 27-613 and 26-304].

But, before this jurisdiction can be acquired by virtue of these statutes over the person of such defendants nonresident of the county wherein the suit is instituted, it is essential that the defendant resident of the county where the suit is brought shall be a *bona fide* defendant. By our statute, it is further provided that, before judgment can be had against such nonresident defendants, a judgment must be obtained against the resident defendant. Kirby's Digest, § 6074 [Ark. Stat. 27-615]."

In the case of *Seelbinder* v. *Witherspoon,* 124 Ark. 331, 187 S. W. 325, we said:

"* * * According to this statute [Ark. Stat. 27-615], appellee is not entitled to judgment in this action against [non-resident of county of forum], although he may be entitled to recover against him, *unless judgment is recovered against one of the defendants who resided in the county in which the action was brought at its commencement, or was summoned in such county, or he fails to object before judgment to its proceeding against him.*" [Emphasis added]

*Barr* v. *Cockrill,* 224 Ark. 570, 275 S. W. 2d 6; *Terry* v. *Plunkett-Jarrell Grocer Co.,* 220 Ark. 3, 246

S. W. 2d 415, 92 A. L. R. 2d 1264; *Coca-Cola Bottling Co.* v. *Swilling,* 186 Ark. 1149, 57 S. W. 2d 1029; and *Metzger* v. *Mann,* 183 Ark. 40, 34 S. W. 2d 1069, are also in point.

In *Coley* v. *Green,* 232 Ark. 289, 335 S. W. 2d 720, it was stated that when a defendant is summoned to appear in an action outside his own county and the action is dismissed against any co-defendant, resident of the county in which the action is pending, then, upon proper objection, no judgment can be rendered against the defendant nonresident of the county.

The venue in this case rested entirely upon the service on the insurance company. When the case as to the insurance company is dismissed, the appellant is left standing alone as if it singly had been sued. Upon the dismissal of the cause as to the defendant upon whom venue is predicated there remains but one thing to be done by the defendant who is a nonresident of the forum in which the cause is pending. That is, it must move for a dismissal of the cause against him. This was done and the cause should have been then and there dismissed as to this appellant.

Other points have been ably presented and splendid briefs filed by both parties hereto but since we find that the Saline Circuit Court was without jurisdiction to proceed against this appellant, we deem it unnecessary to pursue further the other points that are urged.

This case is reversed and dismissed here.