## OZARK SUPPLY COMPANY *v.*
## Owen GLASS

76-416                                      552 S.W. 2d 1

Opinion delivered June 6, 1977
(Division II)

*Adams & Wilson,* by: *Douglas L. Wilson,* for appellant.

*Laster & Lane,* by: *James F. Lane,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Ozark Supply Company sued Dr. Sam Maehara, Dr. John Ferguson and appellee Owen Glass, alleging that they, as partners in a general partnership known as Circle T. Cattle Company of Perryville, Arkansas were indebted to appellant for purchases of veterinary supplies made by appellee Glass under authority given him by the other partners. Appellant also alleged that it was an Arkansas corporation with its principal place of business in Benton County; and that Maehara was a resident of Los Angeles, California, who had been in Arkansas on numerous occasions for the purpose of raising cattle for commercial purposes, and had expressly assented to the purchase of supplies of the kind described in appellant's invoices for carrying out partnership purposes. Appellant further alleged that Dr. Ferguson was a resident of Bald Knob, Arkansas and that Owen Glass was a resident of Perryville, Arkansas. Maehara and Ferguson filed answer, in which they admitted that Maehara was a resident of California, stated their belief that Owen Glass was a resident of Perry County, Arkansas, and denied that Ferguson was a resident of Arkansas, alleging that he, too, was a resident of California. Appellee Glass filed a motion to quash the summons issued for him and served on him in Perry County, Arkansas. This motion was granted on the ground that venue of the action as to Glass was not properly laid in Benton County, because none of the defendants resided in or were served with process in that county. We agree and affirm.

Appellant relies upon Ark. Stat. Ann. § 27-615 (Repl. 1962) and Ark. Stat. Ann. § 27-2501 et seq (Supp. 1975), the Uniform Interstate and International Procedures Act, and

argues that "summoned" in Ark. Stat. Ann. § 27-615 includes and extends to extrastate service of process to the extent that venue is proper in the county from which the process issued under the "long-arm" act because the party so summoned is summoned in that county. Appellee disagrees and relies upon Ark. Stat. Ann. § 27-613 (Repl. 1962) as the basic venue statute, requiring actions on contracts to be brought in a county in which a defendant resides or is summoned, as reinforced by Ark. Stat. Ann. § 27-615 (Repl. 1962), citing *International Harvester Co. v. Brown,* 241 Ark. 452, 408 S.W. 2d 504.

The underlying policy as to venue in this state is that every defendant should be liable to suit only in the county of his residence or place of business, unless for other policy reasons there are statutes to the contrary. *Universal C.I.T. Credit Corp. v. Troutt,* 235 Ark. 238, 357 S.W. 2d 507. This basic policy has always been considered as primary in construction of venue statutes, and properly so, unless other statutes are clearly in conflict with that basic policy. The convenience of the defendant against whom a judgment may be rendered is usually considered more important than the convenience of the plaintiff. See, Langley, Grounds for Venue in Arkansas — A Survey, 25 Ark. Law Rev. 468, 479 (1971).

Appellant contends, however, that when we consider Ark. Stat. Ann. §§ 27-619, 620 (Supp. 1975) permitting contract actions against a non-resident of this state or a foreign corporation to be brought in the county of the plaintiff's residence at the time the cause of action arose, we must conclude that venue was properly laid as to Glass. We must disagree, however, with appellant's contention that "long-arm" service on a non-resident of the state is sufficient to fix venue, so as to permit the "dragging" of a resident of one county to another to defend that action. It is quite true that the "long-arm" statute may affect venue because of its provisions relating to jurisdiction and service of process. See Langley, supra, 25 Ark. Law Rev. at 484. But it is not a statute which controls venue. It is basically a statute giving jurisdiction to local courts in local causes of action, even though the defendant is not subject to service of process locally. Leflar, Conflict of Law, Arkansas, 18 Ark. Law Rev. 135, 136

(1964); Langley, supra, 25 Ark. Law Rev. at 484. In this connection, we must remember that jurisdiction and venue are two separate and distinct concepts, although they are sufficiently interrelated to cause some confusion. Langley, supra, at 469, 471; *Gland-O-Lac Co. v. Creekmore,* 230 Ark. 919, 327 S.W. 2d 558. See also, *Arkansas State Racing Commission v. Southland Racing Corp.,* 226 Ark. 995, 295 S.W. 2d 617. The confusion usually arises when venue is erroneously equated with jurisdiction of the person. Jurisdiction of the person is the power of the court to hear and determine the subject matter of a controversy between the parties to a suit, i.e., to adjudicate or exercise judicial power over them. *Lamb & Rhodes v. Howton,* 131 Ark. 211, 198 S.W. 521. It is the power to render a personal judgment in a particular case or to subject the parties to the court's decisions and rulings. 21 C.J.S. *Courts* § 15, p. 32; Black's Law Dictionary, 4th Ed., p. 992. It is based upon appearance of the person or the issuance and service or proper process upon him in the manner required by law. 1 Bouvier's Law Dictionary, Lawle's Third Ed., p. 1761; *Stevenson v. Christie,* 64 Ark. 72, 42 S.W. 418; *Federal Land Bank of St. Louis v. Gladish,* 176 Ark. 267, 2 S.W. 2d 696; *Healey & Roth v. Huie,* 220 Ark. 16, 245 S.W. 2d 813; 20 Am. Jur. 2d *Courts* § 106, p. 465.

The fact that our "long-arm" statute is basically a jurisdiction-giving statute rather than a venue-fixing one is clearly demonstrated by the provision that the court in which the action is filed has broad powers under the forum non conveniens provision of the act, [Ark. Stat. Ann. § 27-2502 E (Supp. 1975); *Bowsher v. Digby,* 243 Ark. 799, 422 S.W. 2d 671] and in the fact that it is a cumulative provision for jurisdiction. Ark. Stat. Ann. §§ 27-2502 F, 2506 (Supp. 1975). It is also obvious that there was no intention to make the county from which the summons issues, in an action in which jurisdiction is based on the act, the county of service. Sec. 27-2502 D provides that service may be made outside the state. We have said that the statute was designed to authorize *extrastate* service of process. *International Harvester Co. v. Hendrickson Mfg. Co.,* 249 Ark. 298, 459 S.W. 2d 62.

We must then look to Ark. Stat. Ann. §§ 27-619, 620 (Act 142 of 1973) for possible venue in Benton County. If

Maehara and Ferguson were the only defendants in the case, venue could be in Benton County under the allegations of the complaint and the provisions of the act. Although this statute provides "cumulative" venue, that venue is limited by the language that "this Act shall in no way repeal or modify any other existing venue statute." Ark. Stat. Ann. § 27-620. In order for the act to have the effect given it by appellant, it would modify Ark. Stat. Ann. §§ 27-613 and 27-615. We would then be compelled to read § 27-613 as if it said, "Every other action, except for contract actions against a non-resident of this state or a foreign corporation, may be brought in any county in which the defendant or one of several defendants, resides, or is summoned;" or § 27-615 would have to be modified to read "Where any action embraced in § 96 (§ 27-613) is against several defendants, the plaintiff shall not be entitled to judgment on the service of summons in another county than that in which the action is brought, where no one of the defendants who reside in Arkansas is summoned in that county, or resided therein at the commencement of the action . . ." "Issuance of summons" and "service of summons" are by no means synonymous.

Basic policy reasons can be found for the exceptions from "every other action" in other venue statutes. For, e.g., the reasons for requiring actions pertaining to real property to be brought in the county in which it is located are obvious. Ark. Stat. Ann. § 27-601 (Repl. 1962). The same may be said of the requirement that certain actions be brought in the county in which the seat of government is situated. Ark. Stat. Ann. § 27-603 (Repl. 1962). No basis for an exception to the overriding policy as to venue in this situation is apparent here.

We are of the firm opinion that the General Assembly would have spoken in language clear enough to leave no doubt about its intention to override the state's primary policy in fixing venue, if it had intended to do so. We read nothing in any of the acts relied upon by appellants to indicate that intention.

The judgment is affirmed.

We agree. HARRIS, C.J., and BYRD and HICKMAN, JJ.