BITUMINOUS, INC. *v.* P. David
UERLING, Individually and BURROUGH-UERLING-
BRASUELL CONSULTING ENGINEERS, INC.

80-140                              607 S.W. 2d 331
Supreme Court of Arkansas
Opinion delivered October 27, 1980

*Bridges, Young, Matthews, Holmes & Drake,* for appellant.

*Jones, Gilbreath & Jones,* for appellees.

JOHN F. STROUD, Justice. This is an appeal from the dismissal of a malpractice action filed against a consulting engineer and his firm. We affirm the action of the trial court and agree that venue was not proper in Jefferson County.

On February 8, 1980, appellant filed suit against appellees and various other defendants (not involved in this appeal), alleging that the professional malpractice of the defendants in connection with the asphaltic overlay and other work to the runways and taxiways of Ft. Smith Municipal Airport has caused appellant to suffer considerable financial loss. Appellant, an Arkansas corporation having its principal place of business in Jefferson County, sought recovery of appellees jointly and severally for $283,590, plus interest, as compensatory damages and $1,000,000 in punitive damages. Appelee P. David Uerling is an individual and a resident of Sebastian County, and appellee Burrough-Uerling-Brasuell Consulting Engineers, Inc., is a professional corporation having its principal place of business in Sebastian County. On February 21, 1980, appellees filed a Special Appearance and Motion to Quash for the purpose of quashing the service on the basis that venue was not proper in the Jefferson County Circuit Court. Before the time for appellees to answer the complaint had expired, appellant obtained the permission of the court to take the depositions of appellee P. David Uerling and three other persons. Thereupon, appellees make another special appearance and requested the court to quash the sub-

poenas for the taking of the depositions. On that same day appellant requested an extension of time to respond to the motions to quash, which was granted. The next day appellees filed a motion to dismiss, again attacking venue, and a motion for a protective order and attorney's fees, claiming such were necessary to prevent appellees from being unduly burdened and oppressed by the filing of the action in the improper court. On March 10, 1980, appellant filed its amended complaint, adopting all allegations of its original complaint and adding a prayer for damages of $150 for the conversion and negligent damaging of appellant's straight edge by appellees. Appellees again specially appeared and requested that the trial court dismiss the complaint and amended complaint due to improper venue.

After reviewing the pleadings, affidavits and briefs of the parties, the court granted appellees' motions to quash and dismissed appellant's complaint and amended complaint. Alleging three points of error, appellant brings this appeal.

Appellant first contends that the trial court erred in finding that Ark. Stat. Ann. § 27-610 (Repl. 1979) did not control venue in this case at bar, a malpractice action. Ark. Stat. Ann. § 27-610 provides, in pertinent part:

> All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of the injury, . . .

Appellant submits that although it is a corporation, it is nonetheless capable of suffering a "personal injury," noting that Ark. Stat. Ann. § 27-109 (Repl. 1979) states "the word person includes a corporation as well as a natural person." While it is true that for many purposes the term "person" does include a corporation, we are unwilling to extend that to mean that a financial loss suffered by a corporation is a personal injury within the meaning of § 27-610. In *Arkansas Valley Industries* v. *Roberts*, 244 Ark. 432, 425 S.W. 2d 298 (1968), this court held that the term "personal injury" as

used in § 27-610 is limited to corporeal or physical injuries. Also, in *Robinson* v. *Mo. Pac. Transportation Co.,* 218 Ark. 390, 236 S.W. 2d 575 (1951), this court quoted with approval from 56 Am. Jur., Venue, § 15, recognizing the theory that "a personal injury or injury to the person as these terms are used in the venue statutes is generally construed not to include every invasion of a personal right, such terms being usually limited to physical or bodily injuries." We agree with the trial court's finding that § 27-610 does not authorize venue in the instant case.

Appellant next contends that the trial court erred in finding that appellees' request for a protective order and attorney's fees did not amount to a waiver of their objection to venue in Jefferson County. The thrust of appellant's argument is that seeking the protective order and attorney's fees amounted to a prayer for affirmative relief from the court, which operated as a general appearance and, thus, a waiver of any venue objection. Appellant cites several cases discussing the difference between special appearances and general appearances, but this distinction was abolished July 1, 1979, with the adoption of the Arkansas Rules of Civil Procedure. See Rule 12(b) and Reporter's Notes to Rule 12, No. 7. Furthermore, we do not think that appellees' request for the protective order and attorney's fees amounted to a waiver of their objection to venue, for the relief sought was in no way inconsistent with appellees' claim of improper venue.

Appellant's final contention is that the trial court erred in dismissing the complaint and amended complaint because of Ark. Stat. Ann. § 27-611 which authorizes venue for negligent damages or conversion of personal property. By amending its complaint to include an allegation of conversion, and negligent damage to personal property, appellant was seeking to set venue for both the malpractice and conversion claim in Jefferson County, pursuant to § 27-611, which provides:

Any action for damages to personal property by wrongful or negligent act, or for the conversion of personal property, may be brought either in the county where the accident occurred which caused the damage,

or in the county where the property was converted, or in the county of the residence of the person who was the owner of the property at the time the cause of action arose.

Appellee asserts that the amending of appellant's complaint to include a claim of conversion was merely a ploy by appellant to attempt to acquire venue in the county of its residence for trial of the primary object of the complaint, the malpractice action. Further, appellee submits that the principle set out in *Ozark Supply Co.* v. *Glass*, 261 Ark. 750, 552 S.W. 2d 1 (1977), should control here, and we agree. In *Ozark Supply Co.* this court stated, at page 753:

> The underlying policy as to venue in this state is that every defendant should be liable to suit only in the county of his residence or place of business, unless for other policy reasons there are statutes to the contrary. [Citations omitted.] This basic policy has always been considered as primary in construction of venue statutes, and properly so, unless other statutes are clearly in conflict with that basic policy. The convenience of the dedendant against whom a judgment may be rendered is usually considered more important than the convenience of the plaintiff. [Citation omitted.]

Finding no compelling reason to stray from the principle announced in *Ozark Supply Co.*, supra, we affirm the trial court's dismissal of appellant's complaint and amended complaint.

Affirmed.

HOLT, J., not participating.