# MARK TWAIN LIFE INSURANCE CORPORATION
## v. Charles W. CORY and
## Doris Stivers CORY, His Wife

84-31                                          670 S.W.2d 809

### Supreme Court of Arkansas
### Opinion delivered June 18, 1984

*Davidson, Horne, Hollingswsorth, Arnold &*
*Grobmyer,* A Professional Association, by: *Allan W. Horne,*
for appellant.

*Friday, Eldredge & Clark,* by: *John Dewey Watson,* for
appellees.

STEELE HAYS, Justice. This appeal presents the question
of what constitutes a previous filing of the same suit between
the same parties in the face of a motion to dismiss the
complaint pursuant to ARCP 12(b)(8)[1].

The action began as a claim under an accidental death
insurance policy by the appellees, Charles and Doris Cory,
parents and beneficiaries of the deceased, against Mark
Twain Life Insurance Corporation, appellant. The suit was
first filed on January 20, 1980 in Pulaski Circuit Court.
Under the assumption that proper venue was in Saline
County, the suit was voluntarily dismissed and refiled in
Saline Circuit Court on February 29, 1980. The issue of
venue was raised by appellant's response, stating that under
Ark. Stat. Ann. § 66-3234[2], venue was proper where the

---

[1]ARCP 12. Defenses and Objections. (b) How Presented.

Every defense, in law or in fact, to a claim for relief in any pleading,
whether a claim, counterclaim, cross-claim or third party claim, shall be
asserted in the responsive pleading thereto if one is required, except that
the following defenses may, at the option of the pleader, be made by
motion: . . . (8) pendency of another action between the same parties
arising out of the same transaction or occurrence.

[2]§ 66-3234. Suits against insurers — Venue.

(1) An action brought in the State by or in behalf of the insured or
beneficiary against an insurer as to a loss occurring or benefits or rights
provided under an insurance policy or annuity contract shall be brought
in either: (a) The county in which the loss occurred, or the insured died (in
the case of life insurance), or (b) The county of the insured's residence at
the time of the loss or death.

insured died or resided, which was Pulaski County. Appellees determined that there was no procedure in civil law for a change of venue and recognized that under ARCP 41[3], a second dismissal would be an adjudication on the merits, in the absence of an agreement of both parties. Appellees were not able to get such an agreement from the appellant, so they permitted the case to remain on the Saline County docket and refiled in Pulaski County. The appellant moved to have the case dismissed under ARCP 12(b)(8) due to the pendency of the same action in Saline County. The judge denied the motion and the case went to trial, resulting in a verdict in favor of the appellees on the policy. On this appeal, we reverse.

Appellant's argument that another suit pending under ARCP 12(b)(8) requires dismissal is countered by three basic contentions from appellees: 1) The suit in Saline County was not pending because it was never properly commenced pursuant to ARCP 3 that requires the complaint to be filed with the clerk of the *proper court;* 2) no valid judgment could be rendered against appellant in Saline County, thus no ground existed for the contention that a prior action was pending; and 3) appellant waived its defense under ARCP 12(b)(8) by claiming Saline County was not the proper venue. Appellees' first two points are interrelated and will be addressed together.

Appellees' assertion that the suit was not properly commenced and that under some circumstances lack of proper venue will invalidate a judgment is not without

---

[3]ARCP ·41. Dismissal of Actions (a) Voluntary Dismissal: Effect Thereof.

Subject to the provisions of Rule 23(d) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court, provided, however, that such dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claim, unless all parties agree by written stipulation that such dismissal is without prejudice. In any case where a set-off or counterclaim has been previously presented, the defendant shall have the right of proceeding to trial on his claim although the plaintiff may have dismissed his action.

substance, but the facts of this case dictate a different conclusion. The rule appellees rely on provides:

> The rule that a second action may not be abated when the first court lacks jurisdiction is properly applied only where, because of defective process or the institution of the first action in a court having no jurisdiction of the cause of action, or other like reason on which the validity of the proceeding depends, the first proceeding is void on its face, or so defective on its face that a legal recovery cannot be had therein. 1 Am. Jur. 2d Abatement, Survival, Revival § 16.

However, it is the general rule that a judgent is not invalidated if tried in an improper county unless there is something in the statute to indicate that its requirements are jurisdictional. 77 Am. Jur. 2d, Venue § 45. While jurisdiction is the power and authority of the court to act, venue is the place where the power to adjudicate is to be exercised. Requirements of venue are grounded in convenience to the litigants and venue is a procedural question, not a jurisdictional one. 77 Am. Jur. 2d Venue § 1; 92 C.J.S. Venue § 75 and see *Ozark Supply Co.* v. *Glass,* 261 Ark. 750, 552 S.W.2d 1 (1977). There are instances where venue will go to subject matter jurisdiction, as in local actions, see *Bruce* v. *Street,* 206 Ark. 1013, 178 S.W.2d 489 (1944) or to personal jurisdiction, see *Universal C.I.T. Credit Corp.* v. *Troutt,* 235 Ark. 238, 357 S.W.2d 507 (1962). In those cases where venue goes to the jurisdiction of the person, absent an objection to venue, a court has the power to render a judgment binding on the parties. See *Gland-O-Lac* v. *Creekmore,* 230 Ark. 919, 327 S.W.2d 558 (1959). In contrast, venue in § 66-3234 clearly does not confer any jurisdiction as in the above cases, but is grounded in the convenience of the litigants, in this instance, policy decisions dictating the convenience of the plaintiff and not the defendant. See generally *Ozark Supply Co., supra.* We therefore can find no grounds to hold that a valid judgment could not have been rendered on the suit filed in Saline County.

Appellees also submit the appellant has waived its right to claim that another action is pending in view of its

response to the Saline County suit, that venue was improper — that its positions are inconsistent. However, were we to accept appellees' premise, it would undermine much of the utility of Rule 12(b)(8) and Rule 41. If the defendant raises the defense of the pendency of another action and estoppel or waiver is found, the defendant could lose both ways. Through estoppel or waiver the original suit could be held *not* pending because of the nature of certain legitimate defenses claimed by the defendant, as in this case. Thus, the pendency defense would lose its force and defendants would be helpless to make use of Rule 41. If the original suit is held *pending,* the defendant could be estopped from raising certain defenses in the first action because he claimed a "proper" suit was pending in that court. As might be expected, this issue has not been widely discussed, but in *Jernigan* v. *Rainer Mercantile,* 211 Ala. 220, 100 So.2d 142 (1924) the court found the same problems in the appellees' argument as we do here. In that case, the defendant raised the defense that the plaintiff was a dissolved corporation without capacity to sue. Before further action was taken in the suit, another was filed by the plaintiff and the defendant filed a plea of the pendency of the first suit, and the second suit was dismissed. The first suit being subsequently called, plaintiff objected to the defendant's plea of plaintiff's incapacity to sue. The defendant's demurrer was overruled and the cause went to judgment and the defendant appealed from that ruling. The Supreme Court reversed and stated in part:

> Counsel for appellee argue upon the assumption that defendant's plea in the second suit of the pendency of another suit between the same parties concerning the same subject matter, acknowledged the effectiveness of the former suit. To this, however, we do not agree. The plea of the pendency of a former suit rests upon the principle of discouraging multiplicity of suits and protecting the defendant from double vexation from the same cause. Such a plea does not involve the inquiry as to whether the prior suit is capable of being prosecuted to a successful issue if resisted by the defendant . . . The considerations which underlie the doctrine . . . take no account of the puissance of, or the

want of it in the former action . . . It is the pendency of two suits for the same cause . . . the law deems vexatious and discountenances.

If Rule 12(b)(8) is to have any meaning, we find on the facts in this case that another case was pending and the trial court had no choice but to dismiss the appellees' complaint. The case is reversed and remanded for disposition in the trial court in accordance with this opinion.

PURTLE and HOLLINGSWORTH, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. The first suit was filed in Pulaski County on January 20, 1980. Appellees sought to recover benefits from appellant life insurance company on a policy covering the son of appellees. The son was killed during an argument with a third party. The appellant resisted the claim on the grounds that the decedent was the aggressor and therefore death was not accidental within the terms of the policy. The first suit was dismissed and refiled in Saline County. The appellant responded to the Saline County suit by stating that Ark. Stat. Ann. § 66-3234 required the action to be brought in Pulaski County. If the appellees were to dismiss the Saline County suit they would be barred by ARCP Rule 41 because a second dismissal is considered an adjudication on the merits of the cause of action. Appellees then filed a third complaint in Pulaski County. The Saline County action is still pending. Appellant sought dismissal of the present suit on the grounds that another action was pending in Saline County. If the Saline County action was void then no other action was pending. Therefore, the trial court was correct.

It is my opinion that Rule 41 and Rule 12(b)(8) were not intended to deny a trial on the merits of a case. I think the rules were adopted for the purpose of moving the dockets along and preventing multiple suits for harrassment purposes.

HOLLINGSWORTH, J., joins in this dissent.