**Charles W. CORY and Doris Stivers Cory, His Wife, Plaintiffs,**

v.

**MARK TWAIN LIFE INSURANCE COMPANY, Defendant.**

**No. LR-C-84-751.**

United States District Court, E.D. Arkansas, W.D.

Nov. 30, 1984.

John Dewey Watson, Friday, Eldridge & Clark, Little Rock, Ark., for plaintiffs.

Allan W. Horne, Davidson, Horne, Hollingsworth, Arnold & Grobmyer, Little Rock, Ark., for defendant.

## ORDER OF DISMISSAL

EISELE, Chief Judge.

Pending before the Court is defendant's motion to dismiss. For the reasons stated below, the motion will be granted.

The facts relevant to the motion to dismiss appear to be undisputed. The plaintiffs claim that the defendant has refused to pay them, as beneficiaries, the proceeds of a certain $10,000 life insurance policy and have filed four identical lawsuits against the defendants over this claim. The plaintiffs filed their first suit on the matter in the Circuit Court of Pulaski County, Arkansas, on January 10, 1980 (case no. 80–223). On February 20, 1980, plaintiffs filed their second suit, this time in the Circuit Court of Saline County, Arkansas (case no. 80-94). On March 4, 1983, while that case was pending, plaintiffs filed their third suit, again in Pulaski County Circuit Court (case no. 83–1608). Defendant moved to dismiss the third suit, but the motion was denied and the case went to trial before a jury, which rendered a verdict for the plaintiffs. Defendant appealed and the Supreme Court of Arkansas reversed. *Mark Twain Life Ins. Co. v. Cory,* 283 Ark. 55, 670 S.W.2d 809 (1984), holding that the third suit should have been dismissed because of the pendency of the second suit. The Arkansas Supreme Court ordered the Pulaski County Circuit Court to dismiss case no. 83–1608, which it did. However, it did so *with prejudice* in accord with what it believed to be the law. Plaintiffs have appealed, arguing that the dismissal should have been without prejudice. The appeal is pending. In the meantime, on August 8, 1984, plaintiffs amended their complaint in the Circuit Court of Saline County, case no. 80–94, and requested a jury trial setting. No setting has yet been made. Finally, on August 21, 1984, plaintiffs filed their fourth suit on this same matter in this Court on the basis of diversity jurisdiction.

Defendant has advanced two reasons for dismissing the case at bar: first, because case no. 83–1608 was dismissed with prejudice after a trial on the merits, plaintiffs

are barred by the doctrine of res judicata from relitigating it; and second, there have been two dismissals of this matter which, it urges, operate as a bar to further adjudication pursuant to Fed.R.Civ.P. 41(a) & (b). Plaintiffs, in their brief, address only the first reason offered by defendant and claim that because case no. 83–1608 was ordered dismissed for lack of jurisdiction, it could not be dismissed with prejudice. They argue that their position on this point will be borne out when they win their appeal to the Arkansas Supreme Court.

The Court is not persuaded by the defendant's reasons for dismissing the case at bar. Without passing on the issue, the Court is reluctant to accept that the Circuit Court of Pulaski County was correct in dismissing the third lawsuit with prejudice since the basis for its dismissal was premised on a lack of jurisdiction and not premised on the merits of the matter. Also, under the "second dismissal" rule of Fed.R. Civ.P. 41(a), adjudication of the case on the merits is deemed to have occurred when a *plaintiff* files a second *voluntary* notice of dismissal on a claim. Here, the second dismissal was involuntary. Nevertheless, this Court does not have to resolve these two points because the plaintiffs' case should be dismissed on another ground.

■ As between state and federal courts, the general rule is that the pendency of an action in state court is no bar to a suit concerning the same matter in a federal court having jurisdiction. Nevertheless, under certain conditions, dismissal or a stay of the federal claim is warranted. The case which best addresses this issue of concurrent state action is *Colorado River Water Conservation District v. United States.* 424 U.S. 800, 817–19, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976) (citations omitted), in which the U.S. Supreme Court stated:

Although this case falls within none of the abstention categories, there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the con-temporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation. Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction...." This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them. Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist.

It has been held, for example, that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts. This has been true even where the Government was a claimant in existing state proceedings and then sought to invoke district-court jurisdiction under the jurisdictional provision antecedent to 28 U.S.C. § 1345. In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative; a carefully considered judgment

taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. Only the clearest of justifications will warrant dismissal.

■ Applying the factors set forth in *Colorado River*, the Court first notes that plaintiffs, both residents of Arkansas, are in no way inconvenienced by being left with the Circuit Court of Saline County as the forum in which to litigate their dispute. It was they who chose that forum in the first instance when they filed their first suit. The defendant, a non-resident of Arkansas, has not sought removal to federal court and, in fact, seeks to have the case resolved in the state court. The need to avoid piecemeal litigation is also evident. Plaintiffs have an appeal from a determination on their third suit now pending before the Arkansas Supreme Court. This is the second time an aspect of this case is before that body. Obviously the outcome of that appeal will affect the case before this Court and plaintiffs' case in state court. If defendant wins, then this federal court case would have to be dismissed on the basis of res judicata. If plaintiffs prevail, then what is the status of the federal case? It is also undisputed that the state court obtained jurisdiction over this dispute first, and did so in 1980, almost five years ago.

Although not mentioned by *Colorado River*, two other factors are also relevant in resolving the issue presented by this case. They are the similarity of the parties, *Reiter v. Universal Marion Corp.*, 173 F.Supp. 13 (D.C.D.C.1959), and the similarity of the issues, *Jewell v. Davies*, 192 F.2d 670 (6th Cir.1951). In the case at bar it is undisputed that both the parties and the issues in the federal and state court cases are identical. The Court also notes that plaintiffs' claim involves a dispute over an insurance policy, and apparently concerns specifically the interpretation of the "accidental death" provision. Thus, the entire suit turns on questions of state law. Moreover, the plaintiffs base their claim and prayer for relief solely on state statute and raise no independent questions of federal law.

■ Based on its analysis of the above factors and in accord with *Colorado River*, the Court concludes that the clearest justification for dismissal is presented in this case. Although the Court recognizes that the general rule is to stay federal proceedings rather than dismiss them, *Mahaffey v. Bechtel Associates*, 699 F.2d 545, 546 (D.C. Cir.1983), the cases adhering to that rule rationalize it on the grounds that a dismissal may present statute of limitation problems for the plaintiff, particularly where plaintiff decides to take a nonsuit in his state case. That problem, however, does not exist in the case at bar because plaintiffs apparently cannot nonsuit their state claim because to do so would constitute a *second* voluntary dismissal which would then operate as an adjudication on the merits of their claim and bar any suit in federal court under Rule 41(a) or any suit in state court under Arkansas Rule 41(a). Accordingly, the case will be dismissed without prejudice.

It is therefore Ordered that defendant's motion to dismiss be, and it is hereby, granted. It is further Ordered that plaintiffs' complaint be, and it is hereby, dismissed without prejudice.