PRAIRIE IMPLEMENT CO., Inc. *v.* CIRCUIT COURT
of the Southern District of PRAIRIE COUNTY

92-678                                                 844 S.W.2d 299

Supreme Court of Arkansas
Opinion delivered December 7, 1992

*Dick Johnston*, for petitioner.

*Dover & Dixon, P.A.*, by: *Gary B. Rogers* and *Monte D. Estes*, for respondent.

ROBERT H. DUDLEY, Justice. This petition for a writ of prohibition was filed by Prairie Implement Company, Inc., one of the codefendants below, asking us to prohibit the Circuit Court of the Southern District of Prairie County from entertaining a suit brought by Margaret McMullen. Prairie Implement argues that the writ should be issued because venue does not properly lie in the county in which the suit is pending. We deny the writ.

The law governing venue is clear. Since the adoption of our Civil Code in 1869 our statutes have defined certain local actions and directed that all other actions be brought in the county of the defendant's residence. *See* Ark. Code Ann. § 16-60-116 (1987). The separate districts of a county must be treated as separate counties. *Smith* v. *Waggoner*, 212 Ark. 345, 205 S.W.2d 465 (1947). We have said repeatedly that the purpose underlying our venue laws is to fix venue in the county of the defendant's residence unless for policy reasons, there is a statutory exception. *Atkins Pickle Co.* v. *Burrough-Uerling-Brasuell Consulting Eng'rs, Inc.*, 275 Ark. 135, 628 S.W.2d 9 (1982); *Wernimont v. State ex rel. Little Rock Bar Ass'n.*, 101 Ark. 210, 142 S.W. 194 (1911).

The respondent's brief mentions the fact that venue is not the same as jurisdiction, suggesting that an appeal would be the only remedy available to petitioner. Indeed, we have made this distinction *when there is a dispute of fact*. For example, in *Safeway Cab & Storage Co.* v. *Kincannon*, 192 Ark. 1019, 1021, 96 S.W.2d 7, 8 (1936), we wrote: "If petitioners preserve their objections to the jurisdiction of their persons in the trial of this cause, and an adverse verdict and judgment go against them or either of them, then, if erroneous, it may be corrected on appeal." In addition, there are many cases in which we have said that the only purpose of the writ of prohibition is to prevent a lower court from exercising a power not authorized by law when there is no other adequate remedy available. We have said a writ of prohibition is never issued to prohibit an inferior court from erroneously exercising jurisdiction, but rather is issued only where the lower court is wholly without jurisdiction, or is

proposing or threatening to act in excess of its jurisdiction. Our most recent expression of these principles can be found in *Forrest City Machine Works, Inc.* v. *Erwin*, 304 Ark. 321, 802 S.W.2d 141 (1991). A very early case, which thoroughly discusses the remedy of a writ, states that it is limited to cases in which subject-matter jurisdiction is lacking. *Williams, Ex Parte*, 4 Ark. 537 (1843).

■ This court understands that venue is a procedural matter, not a jurisdictional one. *Mark Twain Life Ins. Corp.* v. *Cory*, 283 Ark. 55, 670 S.W.2d 809 (1984). This distinction is made clear in our holdings that, absent an objection, a trial court has the power to render a binding judgment even though venue was not proper. *See Gland-O-Lac* v. *Creekmore*, 230 Ark. 919, 327 S.W.2d 558 (1959). Even though lack of venue is not the same as lack of jurisdiction, we treated venue the same as jurisdiction-over-the-person for many years in determining whether a writ of prohibition should issue. Perhaps our reasoning has been based more on history than in logic.

■ In early years we held that if a defendant filed a motion objecting to venue or a motion to quash invalid service, and the trial court ruled against him, an appeal to this court served to enter his general appearance in the case no matter how erroneous the trial court ruling might have been. *Benjamin* v. *Birmingham*, 50 Ark. 433, 8 S.W. 183 (1887). For example, in *Waggoner* v. *Fogleman*, 53 Ark. 181, 13 S.W. 729 (1890), in a short but illustrative two-sentence opinion, we held that the judgment in the trial court was void for lack of service, but "the appellant having entered her appearance by the appeal is now in court, and no further service is required" upon remand. This unreasonable rule was severely criticized by the court in *Chapman & Dewey Lumber Co.* v. *Means*, 191 Ark. 1066, 88 S.W.2d 29 (1935), and finally overruled in *Anheuser-Busch, Inc.* v. *Manion*, 193 Ark. 405, 100 S.W.2d 672 (1937). Perhaps in response to the harshness of such a rule, and because, with such a rule, an appeal could not afford an adequate remedy, we began to allow defendants to seek prohibition after they had objected to venue, even though it was not truly an objection to jurisdiction. Today, we continue to follow our precedent, and we will grant the writ when, on undisputed facts, a trial court erroneously finds that venue is proper. *Arkansas Bank & Trust Co.* v. *Erwin*, 300 Ark. 599, 781

S.W.2d 21 (1989); *Tucker Enterprises, Inc.* v. *Hartje*, 278 Ark. 320, 650 S.W.2d 559 (1983); *Beatty* v. *Ponder*, 278 Ark. 41, 642 S.W.2d 891 (1982); *International Harvester* v. *Brown*, 241 Ark. 452, 408 S.W.2d 504 (1966); *Monette Road Improvement Dist* v. *Dudley*, 144 Ark. 169, 222 S.W. 59 (1920). Accordingly, we will consider issuing the writ in this case.

Petitioner, Prairie Implement Company, Inc., does not maintain a place of business in the Southern District of Prairie County, nor does it have a principal office there, nor was it summoned there. The allegations of the complaint are that Margaret McMullen, in her own capacity and as the personal representative of the estate of Buddie McMullen, sued Ford Motor Credit Company, Ford Life Insurance Company, and Prairie Implement Company, Inc. She alleged that on October 19, 1989, Buddie McMullen "agreed to purchase," through an installment sales contract, a Ford tractor from Prairie Implement and that the purchase was conditioned upon Buddie McMullen's obtaining life insurance from Ford Life Insurance Company in an amount equal to the purchase price of the tractor. Prairie Implement acted as agent for Ford Life Insurance Company and took an application for the life insurance policy, and Buddie McMullen agreed to pay the premium on the credit life insurance, which was to be financed along with the purchase price of the tractor.

The complaint additionally stated that a representative of Prairie Implement later informed Buddie McMullen that the credit life application was incomplete, that more information about his health was needed, and that Buddie McMullen supplied this information. The complaint further states that on November 14, 1989, almost a month after the agreement to purchase was signed, "[E]mployees of Prairie Implement informed McMullen's son, Emil, that they had contacted Ford Credit, and that credit life coverage was in place for McMullen." The next morning, November 15, Buddie McMullen died, and his son Emil immediately notified Prairie Implement. The allegations of the complaint additionally state that in a letter dated November 14, but post-marked "November 15, 1989 p.m.," Ford Life Insurance rejected Buddie McMullen's application for credit life insurance, and, subsequently, Ford Life refused to pay any benefits to the estate of Buddie McMullen. Paragraph 9 of the

complaint states: "The refusal of Ford Life to make payment under the credit life policy constitutes a breach of contract." Paragraph 10 is as follows: "In justifiable reliance upon the misrepresentations by Prairie Implement, Ford Credit and Ford Life, and as a result of the aforesaid breach of contract," the plaintiff has been damaged in the amount of the amount due under the "installment sales contract." The plaintiff contends that the foregoing complaint states a cause of action both in contract and in tort.

All three defendants moved to dismiss for lack of venue, and, separately and additionally, Ford Life moved for summary judgment because it claimed there was no life insurance policy in effect. The trial judge, the highly regarded, but now deceased, Judge Cecil Tedder, denied the motion to dismiss in the only order entered in this case, finding that venue was proper as to Ford Life under a special venue statute involving the alleged breach of the contract of insurance because it was "the insured's residence." *See* Ark. Code Ann. § 23-79-204(a) (Repl. 1992). In the same order, the trial court concluded that, since venue was properly established for the breach of contract against one of the defendants, venue was also established for the breach of contract action against the other defendants, Ford Motor Credit Company and Prairie Implement. In addition, in the same order, the trial court granted summary judgment in favor of Ford Life and dismissed with prejudice the plaintiff's complaint against Ford Life. The record does not show that Prairie Implement presented any other motions to the trial court, or that there were any other orders.

In this petition for a writ of prohibition, the petitioner Prairie Implement argues that since venue of the contract cause of action rested entirely upon the service upon the insurance company and since that cause of action against the insurance company was dismissed with prejudice, venue was no longer proper against the other nonresident codefendants. *See Universal CIT Credit Corp. v. Troutt*, 235 Ark. 238, 357 S.W.2d 507 (1962); Ark. Code Ann. § 16-60-116(c) (1987). Because of that, Prairie Implement argues that it was left standing as a nonresident who had been individually sued under the contract cause of action, and venue does not lie against a nonresident in a contract cause of action. The argument may be well taken, but we do not decide the issue. While the record does show that the petitioner filed a second

objection to venue and alleged this ground, the record does not show that the argument was presented to the trial court, or that the trial court ruled on it.

The trial court, in its only ruling in this case, also held that the complaint alleges misrepresentation and that Rule 18(a) of the Arkansas Rules of Civil Procedure permits the joinder of independent multiple claims so that the tort action could be joined with the contract action against the defendants. If the contract action can no longer be maintained against the defendants, however, the misrepresentation claim could not either unless there is some independent basis for venue in Prairie County. A venue statute provides that "any action for any type of fraud" may be brought, among other locations, in the county in which the plaintiff resides. Ark. Code Ann. § 16-60-113(b) (1987).

■ In the petition in this court, petitioner Prairie Implement argues that plaintiff McMullen did not make sufficient factual allegations to state a cause of action for fraud. Rule 9 of the Arkansas Rules of Civil Procedure requires that "the circumstances constituting fraud . . . be stated with particularity." We have said, "The facts and circumstances constituting the fraud should be set forth. There should be some concealment, misrepresentation . . . by which another is misled, to his detriment; and these, or some of them, must be alleged and proved." *Beam Bros. Contractors* v. *Monsanto Co.*, 259 Ark. 253, 263, 532 S.W.2d 175, 180 (1976) (quoting *McIlroy* v. *Buckner*, 35 Ark. 555 (1880)). We have clearly set out the five elements that must be alleged to state a cause of action for fraud. *See Interstate Freeway Serv., Inc.* v. *Houser*, 310 Ark. 302, 306, 835 S.W.2d 872 (1992). While the argument that the complaint fails to state a cause of action for fraud may be well taken, we do not decide the issue. The record discloses that after the trial court's only ruling in this case, the petitioner filed a second objection to venue and in it for the first time pleaded that the complaint failed to state facts upon which relief can be granted. However, the record does not show that the motion was presented to the trial court, or that it was ruled upon by the trial court.

■ In sum, we do not decide either of petitioner's arguments for the writ because they were not raised below. We are

aware that the petitioner labels this an original action in this court, and the petitioner might argue, on rehearing, that it is not necessary in an original action to have raised the issues before the trial court when the facts are undisputed. In some original actions the argument might be valid, but not when the petition is based on lack of venue. *Monette Road Improvement Dist. v. Dudley*, 144 Ark. 169, 222 S.W. 59 (1920).

Petition denied.