Lucian LEE, Justice of the Peace, Morgan Township
*v.* William D. WATTS et al

5-4382                                   423 S. W. 2d 557

Opinion delivered January 22, 1968
[Rehearing denied February 26, 1968]

958

*Penix & Penix,* for appellant.

*Dudley & Burris,* for appellees.

J. FRED JONES, Justice. This appeal questions the jurisdiction of a justice of the peace in the trial of misdemeanors in justice of the peace court in Morgan Township, Lawrence County, Arkansas, and also questions the jurisdiction of the justice of the peace to sit as justice of Mayor's Court outside of the corporate limits of the town for whose mayor he acts.

Lucian Lee is a justice of the peace of Morgan Township in Lawrence County, and George Glenn is the mayor of the incorporated town of Lynn in said township. Justice of the peace Lee issued a warrant for Thomas D. Watts for reckless driving, a misdemeanor under state law, and fined Watts $50.00 and sentenced him to five days in jail. The jail sentence was suspended. The fine has not been paid and revocation of the suspended sentence is being threatened unless the fine is paid. Mayor Glenn has designated Mr. Lee as justice of the peace to sit in the mayor's stead as justice of the Mayor's court under the provisions of Ark. Stat. Ann. § 19-1204 (Repl. 1956). Thomas D. Watts was arrested by the town marshal of the town of Lynn and charged with a separate misdemeanor under state law but apparently committed inside the corporate limits of the town of Lynn. He was brought before Mr. Lee as justice of the Mayor's Court for trial at Mr. Lee's home where

he holds justice of the peace court, outside the corporate limits of the town of Lynn but within Morgan Township.

The record is not entirely clear in this case, but it appears that when the town marshal of Lynn makes an arrest, he takes the defendant before justice of the peace Lee, who holds court as justice of the Mayor's Court, and when the offense is committed outside the corporate limits of Lynn and the arrest is made by a deputy sheriff, constable, or some other officer, the defendant is taken before Mr. Lee who conducts court as a justice of the peace in the township. The violation of municipal ordinances is not involved here and it would appear that the only real difference in whether Mr. Lee sits as justice of the peace court or Mayor's Court, has to do with the disposition or division of the fine money between the town of Lynn and Lawrence County. In any event, justice of the peace Lee holds both justice of the peace court and Mayor's Court at his home outside the corporate limits of the town of Lynn.

William D. Watts, as father and next friend of Thomas D. Watts, filed a petition for prohibition in the Lawrence County Circuit Court prohibiting Mr. Lee from taking further action in the cases against young Watts for lack of jurisdiction in Mr. Lee, either as a justice of the peace of Morgan Township or as justice of the Mayor's Court, for the reason that there is a duly constituted municipal court of county-wide jurisdiction in Walnut Ridge in Lawrence County. Prohibition was granted by the circuit court and Mr. Lee has appealed designating the following points for reversal:

"The Walnut Ridge Municipal Court never has had any jurisdiction in the former Western District, including Morgan Township.

"There is no Municipal Court in Walnut Ridge.

"Appellant was lawfully designated to act as Justice of the Mayor's Court of the Town of Lynn."

We fail to see any connection or conflict between the jurisdiction of the Walnut Ridge Municipal Court and the J. P. Court in Morgan Township or the Mayor's Court in the town of Lynn. The record does not reveal what township Walnut Ridge is in, but we take judicial notice that it is in Campbell Township and not in Morgan Township. Consequently, the legality of the Walnut Ridge Municipal Court is a side issue not germane to the issues presented on this appeal and we do not pass on that question.

Municipal courts have jurisdiction over misdemeanors committed anywhere in the county, but such jurisdiction is exclusive of justice of the peace courts *only* in the township where the municipal court sits and not over the entire county.

In the case of *Logan* v. *Harris,* 213 Ark. 37, 210 S. W. 2d 301, in speaking of the jurisdiction of municipal courts, this court said:

"One of the matters of exclusive jurisdiction over that of Justice of the Peace of the township in which the municipal court is situated is that of misdemeanors committed therein."

Again in a footnote to *Cableton* v. *State,* 243 Ark. 351, 420 S. W. 2d 534, in speaking of justices of the peace, we said:

"All have jurisdiction of misdemeanors except those in townships where Municipal Courts sit. Ark. Stat. Ann. § 22-709 (Repl. 1962) and §§ 43-1405, 43-1408 (Repl. 1964); *Logan* v. *Harris,* 213 Ark. 37, 210 S. W. 2d 301 (1948)."

Justices of the peace derive their jurisdiction partially from the constitution and partially from legislative enactment. Their original jurisdiction over criminal matters is derived from the Legislature. The Constitu-

tion of 1836, Article 6, § 15 defined the jurisdiction of justice of the peace and provided:

"Justices of the peace shall in no case have jurisdiction to try and determine any criminal case or penal offense against the State, but may sit as examining courts and commit, discharge or recognize to the court having jurisdiction, for further trial, * * *"

Article 7, § 40 of the present Arkansas State Constitution in setting out, limiting and defining the jurisdiction of the justice of the peace, provides:

"They shall have original jurisdiction in the following matters:

* * * third, such jurisdiction of misdemeanors as is now, or may be, prescribed by law; * * *"

The jurisdiction of municipal courts is provided for in Article 7, § 43 of the Constitution, as follows:

"Corporation courts for towns and cities may be invested with jurisdiction concurrent with justices of the peace in civil and criminal matters, and the General Assembly may invest such of them as it may deem expedient with jurisdiction of any criminal offenses not punishable by death or imprisonment in the penitentiary, with or without indictment, as may be provided by law, and, until the General Assembly shall otherwise provide, they shall have the jurisdiction now provided by law."

Thus it is seen that justices of the peace are invested with constitutional jurisdiction in certain civil matters and the Legislature is authorized to invest justices of the peace with criminal jurisdiction of misdemeanors. Municipal courts are not vested with constitutional jurisdiction at all, but the Legislature is authorized to invest

municipal courts with jurisdiction concurrent with justices of the peace in civil as well as criminal matters.

Ark. Stat. Ann. § 43-1405 (Repl. 1964), as it relates to jurisdiction over *various offenses,* provides:

"Fourth. City and police courts shall have exclusive jurisdiction of all prosecutions and actions for infractions of the by-laws or ordinances of the city or town in which they are located; and concurrent jurisdiction with the circuit courts and justices' courts of prosecutions for misdemeanors committed in the town or city, and also concurrent jurisdiction in the cases provided by the special statutes creating or regulating such courts.

"Fifth. In criminal causes the jurisdiction of justices of the peace shall extend to all matters less than felony for final determination and judgment. Provided, circuit courts shall have jurisdiction concurrent with justices' courts in all such cases and in all criminal or penal causes except where exclusive jurisdiction is given to city and police courts."

Ark. Stat. Ann. § 22-701 (Repl. 1962) provides for the establishment of municipal courts in cities of 2,400 or more population. This statute provides as follows:

"All cities having a population of 2,400 or more according to the last official United States census and of cities that may hereafter attain a population, of 2,400 or more, and of counties, judicial districts of counties *and townships within which are situated any of such cities,* and county seat towns with population less than 2,400 *shall be* subject to the provisions of this act; * * *" (Emphasis supplied).

The jurisdiction of *municipal courts* is set out in Ark. Stat. Ann. § 22-709, the pertinent part, insofar as this case is concerned, being as follows:

"The municipal courts shall have original jurisdiction coextensive with the county wherein the said court is situated over the following matters:

* * *

"*Exclusive* of justices of the peace *in townships subject to this act* and concurrent with the circuit court over misdemeanors committed within the county." (Emphasis supplied).

Thus, in the case at bar, jurisdiction over the misdemeanor alleged against the defendant Watts, was in the justice of the peace of Morgan Township where the misdemeanor was committed and he was charged, and not in the municipal court of Walnut Ridge, which is located in Campbell Township. Had justice of the peace Lee been justice of the peace in Campbell Township where Walnut Ridge is located, or if Walnut Ridge had been located in Morgan Township where Mr. Lee is justice of the peace, then, and only then, would the municipal court of Walnut Ridge have exclusive jurisdiction in this case. Though municipal courts have district and county-wide jurisdiction over misdemeanors, that jurisdiction is only concurrent with that of justices of the peace in all townships in the county except in the township where the municipal court sits, and in that township the jurisdiction of the municipal court is exclusive of the jurisdiction of the justice of the peace in the trial of misdemeanors under the statutory provisions of § 22-709, *supra.*

By failure to request a change of venue to the nearest municipal court as he might have done under authority of Ark. Stat. Ann. § 22-725 (Repl. 1962), Watts waived any right he might have had to a trial in municipal court and his only remedy was by appeal and not prohibition.

As to the prosecution or trial of appellee by appellant sitting in the mayor's stead as justice of the May-

or's Court of the town of Lynn, Ark. Stat. Ann. § 19-1204 (Repl. 1954) provides in part:

> "The Mayor of a corporation shall be a conservator of the peace throughout its limits, and shall have within the same all power and jurisdiction of a justice of the peace in all matters, civil or criminal, arising under the laws of the State to all intents and purposes whatever, and for crimes and offenses committed within the limits of the corporation, his jurisdiction shall be coextensive with the county, provided, that any mayor may designate, at such times as he shall choose so to do, any duly elected and qualified justice of the peace in the township to sit in the mayor's stead as justice of the Mayor's Court, and all fines and penalties assessed by the said Mayor's Court in such case shall continue to be paid into the town treasury and the justice sitting in the stead of the Mayor shall charge and collect the same fees as justices of the peace are or may be allowed for similar service; the Mayor shall give bond and security in any amount to be ascertained and approved by the council; and the Mayor shall perform all duties required of him by the laws and ordinances of the corporation, and appeals may be taken in the same manner as from decisions of justices of the peace; he shall keep a docket and shall charge and collect the same fees as justices of the peace are or may be allowed for similar services and in addition therefor for his services as Mayor, the Town Council may by ordinance make proper allowance for and payment of the same. . . ."

Ark. Stat. Ann. § 19-1201 (Supp. 1965) requires the mayor to reside within the limits of the corporation.

The territorial jurisdiction of a Mayor's Court is limited to offenses committed within the limits of the jurisdiction of such courts, as prescribed by the statutes creating or regulating them. Ark. Stat. Ann. § 43-1409 (Repl. 1964). Ark. Stat. Ann. § 19-1204 (Repl. 1956) provides that "the Mayor of a corporation shall be a

conservator of the peace *throughout its limits,* and shall have *within the same* all power and jurisdiction of a justice of the peace in all matters, civil or criminal, arising under the law of the state, . . . and for crimes and offenses committed within the limits of the corporation his jurisdiction shall be *coextensive with the county.* . . ." (Emphasis supplied). We interpret this statute to mean that the Mayor's Court can sit only inside the city limits but has powers of process extending throughout the county.

We find no statutory requirements designating any particular place for holding justice or Mayor's Court, but in connection with this point, 21 C. J. S., Courts, § 164 at p. 253-4 states:

"Constitutional and valid statutory provisions designating the place for holding court or terms or sessions thereof will be accorded effect, they being mandatory and exclusive of other places; and where the place is so fixed the court cannot lawfully be held at any other place.

\* \* \*

"Where no place for the holding of a session is prescribed by statute or otherwise, it may be held, at the discretion of the judge or judges authorized to hold it, anywhere within his or their territorial jurisdiction."

In 62 C. J. S., Municipal Corporations, § 322 at p. 671, it is stated:

"Since the authority of the municipality and the binding effect of its police regulations are merely coextensive with the city limits, as discussed *supra* § 141, an action or proceeding instituted for the enforcement or punishment of a violation *of an ordinance* must be brought before a properly authorized

and constituted tribunal *sitting within the territorial limits of the municipality."* (Emphasis supplied).

We conclude from the wording of statutes and authorities, *supra,* that a mayor, sitting in a Mayor's Court, must sit inside the city limits, but has powers of process throughout the county. It follows, therefore, that a justice of the peace legally sitting in the mayor's stead, would have no greater authority or broader venue for holding Mayor's Court than the mayor himself would have. If the law were otherwise, there would be no reason for the mayor to designate a justice of the peace to hold Mayor's Court except for infractions of municipal ordinances, since the mayor and the justice of the peace have concurrent jurisdictions over misdemeanors in violation of a state law committed in the town. Both the justice of the peace and the mayor are limited to the territorial boundaries of their jurisdictions in holding their separate courts.

The trial court erred in granting the writ of prohibition as to the judgment of $50.00 fine and suspended jail sentence entered by the justice of the peace of Morgan Township, and in this the circuit court judgment is reversed.

The trial court did not err in prohibiting the justice of the peace from holding justice of the Mayor's Court of the town of Lynn outside the corporate limits of the town of Lynn, and on this point the judgment of the circuit court is affirmed.

Affirmed in part, reversed in part.