Walter H. CREDIT *v.* STATE of Arkansas

CA CR 88-71 758 S.W.2d 10

Court of Appeals of Arkansas
Division II
Opinion delivered October 12, 1988

*Lynn Frank Plemmons,* for appellant.

*Steve Clark,* Att'y Gen., by: *Olan W. Reeves,* Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. The sole issue presented by this appeal is whether a constable is authorized to make an arrest and issue a valid citation charging one with the offense of driving a motor vehicle while intoxicated, first offense, which is committed in his presence within the township for which he was elected.

We conclude that he is.

Walter H. Credit was stopped, arrested, and issued a citation to appear and answer the charge of driving a motor vehicle while intoxicated. The arrest was made in Danley Township, Faulkner County, Arkansas, by a duly elected constable of that township who personally observed the conduct for which the appellant was charged. The appellant does not contend that the evidence was not sufficient to sustain his conviction of the offense but argues only that the trial court erred in not granting his motion to dismiss the charge on the ground that the constable lacked authority to arrest him or issue a citation for the offense. We disagree and affirm the conviction.

The authority for constables to make arrests is found in Ark. Code Ann. § 16-19-301 (1987) (formerly Ark. Stat. Ann. § 26-210 (Repl. 1962)). That section provides that constables shall be conservators of the peace, shall suppress riots, affrays, fights, and unlawful assemblies, and shall make arrests for such breaches of the peace. It further provides that, "[i]f any offense cognizable before a justice of the peace in his township is committed in his presence, the constable shall immediately arrest the offender and cause him to be dealt with according to law."

Article 7, § 40, of the Arkansas Constitution declares those matters which shall be cognizable before a justice of the peace. It provides that justices of the peace shall have original and concurrent jurisdiction with other named courts as to specific civil matters and "such jurisdiction of misdemeanors as is now, or may be, prescribed by law." The legislature has vested in justices of the peace "jurisdiction in all [criminal] matters, less than felony," provided that the circuit courts shall have concurrent jurisdiction in all such cases. Ark. Code Ann. § 16-88-101(a)(3)(B) (1987) (formerly Ark. Stat. Ann. § 43-1405 (Repl. 1977)). The offense of driving while intoxicated is less than a felony, unless one is found guilty of a fourth or subsequent offense occurring within three years of the first one. Ark. Code Ann. § 5-65-111 (1987) (formerly Ark. Stat. Ann. § 75-2504 (Supp. 1985)). As the appellant was charged with driving while intoxicated, first offense, he was charged with less than a felony.

Appellant contends that a municipal court has been established in the City of Conway, Faulkner County, Arkansas,

and that the legislation allowing for its creation abolishes all criminal jurisdiction of justices of the peace in those counties in which municipal courts are established. *See* Ark. Code Ann. § 16-17-206(a)(2) (1987) (formerly Ark. Stat. Ann. § 22-709 (Repl. 1962)). His reliance on *Albright* v. *Karston*, 206 Ark. 307, 176 S.W.2d 421 (1943), as supporting this argument is misplaced. *Albright* declared that the only change that legislation made in the jurisdiction of justices of the peace over criminal matters was to deprive them of jurisdiction over misdemeanors occurring "in townships affected by the act." The court later declared that, although municipal courts have countywide jurisdiction of misdemeanors, that jurisdiction is concurrent with that of the justices of the peace in all townships except the township in which the municipal court sits. Therefore, only in the township in which the municipal court sits is its jurisdiction exclusive of the jurisdiction of justices of the peace. *Lee* v. *Watts*, 243 Ark. 957, 423 S.W.2d 557 (1968); *Logan* v. *Harris*, 213 Ark. 37, 210 S.W.2d 301 (1948).

 Here the arrest was made in Danley Township by a constable for that township who observed the occurrence. Although the record does not disclose the township in which the City of Conway is located, courts may take judicial notice of political subdivisions and divisions and locations of townships within counties. *Lee* v. *Watts, supra; St. Louis, Iron Mountain & Southern Railway Co.* v. *State,* 68 Ark. 561, 60 S.W. 654 (1901). We therefore note that the City of Conway is not located in Danley Township, and conclude that the arrest and the citation issued by the constable in this case were lawful and sufficient to sustain the conviction.

██ Appellant finally contends that the action of the constable could not be sustained in any event because, as he was not qualified to act as a "law enforcement officer" under Ark. Code Ann. §§ 12-9-101 et seq. (1987) (formerly Ark. Stat. Ann. §§ 42-1001 et seq. (Repl. 1977)), any official action taken by him as a police officer is to be held as invalid. We disagree. The Act on which appellant relies purports to apply only to appointed officers, and constables, as officers "elected by a vote of the people," are not subject to its provisions. Ark. Code Ann. § 12-9-102(1) (1987) (formerly Ark. Stat. Ann. § 42-1001(a) (Repl. 1977)).

Affirmed.

CORBIN, C.J., and MAYFIELD, J., agree.