The Honorable Mike Ross State Senator Box 374 Prescott, AR 71857
Dear Senator Ross:
This is in response to your request for an opinion on several questions regarding constables. You have asked four questions, which I will restate and answer in the order posed.
Your first question is whether a constable is a peace officer as stated in A.C.A. § 16-19-301 (1987) or merely an honorary official. Section 16-19-301(a) specifically states that a constable shall be a conservator of the peace in his township. Thus, a constable is a peace officer and the position is not merely honorary. See also Credit v. State,25 Ark. App. 309, 758 S.W.2d 10 (1988).
Your second question is whether a constable can make warrantless arrests for offenses committed in his or her presence. A constable's authority to make arrests is set out in A.C.A. §16-19-301(b) (1987), which provides:
 If any offense cognizable before a justice of the peace in his township is committed in his presence, the constable shall immediately arrest the offender and cause him to be dealt with according to law.
This provision apparently authorizes constables, in their township, to arrest individuals who commit misdemeanors in their presence. See Credit v. State, supra. The use of the word "immediately" in the statute indicates that such arrests may be warrantless.
Your third question is whether a constable may serve process under A.C.A. § 16-19-301(c) and § 16-58-113. Section 16-19-301(c) provides that a constable may serve warrants, summons, writs, and other process as provided by law. We recently issued an opinion discussing at length the authority of a constable to serve civil process. See Opinion No. 91-030, a copy of which is attached to this opinion. In addition, previous opinions have recognized the authority of a constable to serve criminal process issuing from a municipal court. See, e.g., Opinion No. 86-63.
Your fourth question is whether a constable must be certified by the Office of Law Enforcement Standards. As elected officials, constables appear to be exempt from the certification requirements of the statutes governing law enforcement training and standards. See A.C.A. § 12-9-102(1) (1987); Credit v.State, supra. While statutes governing the Arkansas Law Enforcement Training Academy make reference to constables, indicating that constables at one time attended the Academy,see A.C.A. §§ 12-9-205 and 12-9-206 (1987), the provision exempting elected officials from the certification requirements was passed later in time and must be deemed to have amended these provisions regarding constables.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
WB:ct
Enclosures