The Honorable Mike Huckabee Office of the Governor State Capitol Little Rock, AR 72201
Dear Governor Huckabee:
This is in response to your request for an opinion concerning the City of Patterson's authority to hire a city attorney. You have enclosed a copy of an Agreement, dated March 27, 1992, whereby the City of Patterson agreed to employ the City of McCrory's city attorney for representation in the McCrory Municipal Court. You note that Patterson would like to employ a city attorney of its choice, and you have asked:
 Assuming that the City of McCrory agrees to amend the Agreement, can the City of Patterson employ an attorney of its choosing as its city attorney to represent the City of Patterson in the McCrory Municipal Court?
Arkansas Code Annotated § 14-42-112 (Supp. 1995) specifies the circumstances under which the mayor and city council of a city of the second class may appoint a city attorney. Subsection (a)(2) of §14-42-112 states in relevant part as follows:
 When no attorney resides within the limits of the city . . . or when no resident attorney has been elected as municipal attorney, the mayor and city . . . council may appoint any regularly licensed attorney of this state to serve as municipal attorney.
In accordance with subsection (d)(1) of § 14-42-112, "[t]he duties of the municipal attorney shall be to represent the city . . . in all actions, both civil and criminal."
Correspondence attached to your request indicates that no attorney resides in the City of Patterson. Letter from Charles Dallas to Winston Bryant (July 16, 1996). It thus appears that § 14-42-112 would authorize the City of Patterson's appointment of an attorney of its choice to serve as city attorney.[1]
Assuming, therefore, that the City of McCrory agrees to the amendment, it is my opinion that the City of Patterson may appoint a city attorney of its choice to represent it in the McCrory Municipal Court.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I have previously noted that the provision under A.C.A. § 14-42-112
for non-resident city attorneys may run afoul of Ark. Const. art. 19, §3, which has been interpreted by the Arkansas Supreme Court to require residence in the political subdivision to be served by an elected or appointed official. See Op. Att'y Gen. 94-069, citing Davis v. Holt,304 Ark. 619, 804 S.W.2d 362 (1991). This Code section is, however, presumed constitutional. See generally Stone v. State, 254 Ark. 1011,498 S.W.2d 634 (1973). To my knowledge, there has been no judicial determination regarding its constitutionality.
[2] This opinion does not address any jurisdictional questions that might arise in connection with the prosecution of City of Patterson ordinance violations in the McCrory Municipal Court. Ordinarily, the mayor of a city of the second class has exclusive jurisdiction of all prosecution of local ordinance violations. See A.C.A. § 14-44-108 (Supp. 1995). But see A.C.A. §§ 16-17-101 (Repl. 1994) and 16-17-402 (Supp. 1995) (regarding agreements for judge of municipal court of one city to serve as judge of the municipal court established in other agreeing cities).See also A.C.A. §§ 14-44-108 (Supp. 1995) and 16-18-112 (Supp. 1995) (authorizing the mayor to designate an attorney to sit as judge of the city court), and Lee v. Watts, 243 Ark. 957, 423 S.W.2d 557 (1968) (holding that a justice of the peace sitting in the mayor's stead must sit, i.e., preside within the city limits).