The Honorable Larry Jegley Prosecuting Attorney Sixth Judicial District 122 S. Broadway Little Rock, AR 72201
Dear Mr. Jegley:
This is in response to your request for an opinion concerning the authority of a constable to make an arrest for a misdemeanor occurring within his township when a municipal court has been established in the township. You have presented the following questions:
 1. Are there any limits to a constable's arrest powers for misdemeanors committed in his township when there is a municipal court in his township?
 2. Does the case of Credit v. State, 25 Ark. App. 309, 758 S.W.2d 10
(1988), prohibit a constable from making arrests in the portion of his township which also lies in the city limits where the North Little Rock Municipal Court sits, leaving him only with arrest authority in that portion of his constable township boundaries, if any, which fall outside the city limits where the municipal court sits?
3. How does A.C.A. § 16-19-301(b) impact the question?
Initially, it is my understanding that you are referring to the authority of a constable to make a warrantless arrest in his township. Although legislative clarification or a judicial determination is needed in order to conclusively resolve this issue, it is my opinion that because a constable is a conservator of the peace in his township, an Arkansas court would likely conclude that a constable has the authority to make a warrantless arrest for a misdemeanor committed in his presence even if a municipal court has been established in the township.
It is well established that constables are peace officers. Reed v.State, 330 Ark. 645, ___ S.W.2d ___ (1997); Winkler v. State, 32 Ark. 539
(1877). In my opinion, the general authority of constables to make arrests is based upon A.C.A. § 16-19-301(a) which provides: "Each constable shall be a conservator of the peace in his township and shall suppress all riots, affrays, fights, and unlawful assemblies, and shall keep the peace and cause offenders to be arrested and dealt with according to law." (Emphasis supplied.) See generally Credit v. State,25 Ark. App. 309, 758 S.W.2d 10 (1988); Ops. Att'y Gen. 93-040 and 89-197. Further, Arkansas Rule of Criminal Procedure 4.1(a) provides:
 A law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed
(i) a felony;
(ii) a traffic offense involving:
(A) death or physical injury to a person; or
(B) damage to property; or
 (C) driving a vehicle while under the influence of any intoxicating liquor or drug;
(iii) any violation of law in the officer's presence;
 (iv) acts which constitute a crime under the laws of this state and which constitute domestic abuse as defined by law against a family or household member and which occurred within four (4) hours preceding the arrest.[1]
See also A.C.A. § 16-81-106 (Supp. 1997) (authority of a certified law enforcement officer to make an arrest).[2] Thus, as a peace officer in his township, it is my opinion that the foregoing provisions generally grant a constable the authority to make a warrantless arrest for a misdemeanor committed in his presence.
The authority of a constable in a township where a municipal court has been established is, however, somewhat unclear in light of A.C.A. §16-19-301(b) and Credit v. State, 25 Ark. App. 309, 758 S.W.2d 10
(1988). Arkansas Code Annotated § 16-19-301(b) provides: "If any offense cognizable before a justice of the peace in his township is committed in his presence, the constable shall immediately arrest the offender and cause him to be dealt with according to law." In Credit, supra, the appellant was arrested by the constable for Danley Township in Faulkner County. The appellant asserted that the constable lacked authority to make an arrest because a municipal court had been established in the City of Conway (Faulkner County) and the criminal jurisdiction of the justices of the peace had been abolished in those counties in which a municipal court was established.
With regard to the authority for constables to make arrests, the Court of Appeals wrote:
 The authority for constables to make arrests is found in Ark. Code Ann. § 16-19-301 (1987) (formerly Ark. Stat. Ann. § 26-210 (Repl. 1962)). That section provides that constables shall be conservators of the peace, shall suppress riots, affrays, fights, and unlawful assemblies, and shall make arrests for such breaches of the peace. It further provides that, "[i]f any offense cognizable before a justice of the peace in his township is committed in his presence, the constable shall immediately arrest the offender and cause him to be dealt with according to law."
See Credit, supra. The court concluded that the appellant was charged with less than a felony and all criminal matters, less than a felony, are cognizable before a justice of the peace, see A.C.A. § 16-88-101(a)(3)(B) (1987). The court further concluded that only in the township in which the municipal court sits is its jurisdiction exclusive of the jurisdiction of the justices of the peace in the trial of misdemeanors.See Lee v. Watts, 243 Ark. 957, 423 S.W.2d 557 (1968); see also A.C.A. §16-17-704 (Supp. 1997).[3] Ultimately, the court held that because the City of Conway is not located in Danley Township, the arrest by the constable was lawful.
The Credit opinion appears to indicate that if a municipal court had been established in the Danley Township, then the arrest for a misdemeanor offense by the Danley constable would have been invalid. It is, however, my opinion that a court, if presented with the issue, likely would not extend the holding in Credit.
In my opinion, a court would likely conclude that A.C.A. § 16-19-301(a) sets out the authority of a constable to make an arrest, while A.C.A. §16-19-301(b) imposes a mandatory duty upon a constable.[4] Thus, whether an offense is cognizable before a justice of the peace is not relevant to the issue of whether a constable has the authority to make an arrest.
In attempting to construe legislative intent, a court will look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate matters that throw light on the subject.Reed, supra. Act 12 of 1941 amended sections 1749 and 1750 of Pope's Digest to read as follows:
 Each constable shall be a conservator of the peace in his township and shall suppress all riots, affrays, fighting and unlawful assemblies, and shall keep the peace and cause offenders to be arrested and dealt with according to law. And if any offense cognizable before a Justice of the Peace in his township shall be committed in his presence, the Constable shall immediately arrest the offender and cause him to be dealt with according to law.
(Emphasis supplied.) The second sentence of the foregoing provision does not appear to limit a constable's authority to make an arrest; it simplyrequires the constable to immediately arrest certain persons. If a constable fails, refuses, or neglects to perform the duties imposed upon him, he shall be deemed guilty of a misdemeanor. A.C.A. § 16-19-301(f).
In addition, the Arkansas Supreme Court recently concluded that a constable, as a peace officer, had the authority to pursue an individual beyond the jurisdiction of his township for a misdemeanor offense that was committed in the constable's presence. Reed v. State, supra; see
A.C.A. § 16-81-301. Section 16-81-301 provides:
 Any peace officer of this state in fresh pursuit of a person who is reasonably believed to have committed a felony in this state or has committed, or attempted to commit, any criminal offense in this state in the presence of such officer, or for whom the officer holds a warrant of arrest for a criminal offense, shall have the authority to arrest and hold in custody such person anywhere in this state.
If a court were to extend Credit and conclude that the constable of a township where a municipal court has been established may not make a warrantless arrest in the township for a misdemeanor committed in his presence, it would lead to absurd results. Such a constable would have the authority to pursue the offender outside of the township in order to make the arrest; however, he would have no authority within his own township. The court will not adopt an interpretation of the law that leads to an absurd result. Citizens to Establish a Reform Party v. Priest,325 Ark. 257, 926 S.W.2d 432 (1996).
Finally, if A.C.A. § 16-19-301(b) is interpreted to provide that a constable only has the authority to arrest an offender who commits an offense cognizable before a justice of the peace, then a constable would be without authority, as a peace officer, to arrest an offender who commits a felony. In criminal causes, the jurisdiction of justice of the peace courts extends only to "matters less than felony." A.C.A. §16-88-101(a)(3)(B). As discussed in Reed, supra, a constable has the authority to pursue an individual beyond the jurisdiction of his township if the person is reasonably believed to have committed a felony. See
A.C.A. § 16-81-301 and § 16-19-301(d). In light of such authority to pursue a felon outside the township, it would be absurd to conclude that the constable did not have the authority to make the arrest in his own township.
In sum, although the answers to your questions are somewhat unclear, thus indicating the need for legislative or judicial clarification, it is my opinion that an Arkansas court would likely conclude that a constable has the authority to make a warrantless arrest for a misdemeanor committed in his presence even if a municipal court has been established in the township.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] "Law enforcement officer" means any person vested by law with a duty to maintain public order or to make arrests for offenses. A.R.Cr.P. 1.6.
[2] Constables, as elected officers, are exempt from the law enforcement certification requirements of A.C.A. § 12-9-101 et seq., and, in any event, A.C.A. § 12-9-108 provides that actions taken by law enforcement officers who are not certified shall not be held invalid merely because of the failure to meet the certification requirements, seeMcDaniel v. State, 309 Ark. 20, 826 S.W.2d 286 (1992).
[3] Arkansas Code Annotated § 16-17-704 provides in part that the municipal court shall have original jurisdiction, exclusive of the justices of the peace in townships subject to this subchapter, over misdemeanors committed within the county.
[4] In several prior opinions, see Ops. Att'y Gen. 93-017, 91-394, and 91-090, this office relied upon Credit to comment that A.C.A. §16-19-301(b) "apparently authorizes constables, in their township, to arrest individuals who commit misdemeanors in their presence." These opinions are therefore modified to clarify the authority of a constable to make a warrantless arrest pursuant to A.C.A. § 16-19-301(a).