The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
I am writing in response to your request for my opinion on the following questions:
 1. Can a quorum court require constables to achieve a certain level of training before they are funded?
 2. Can a quorum court set the rate of compensation for constables based upon their level of training?
 3. Does paying constables at different levels violate any state or federal employment laws?
RESPONSE
In my opinion, the answer to your first two questions is "no" and the answer to your third question is "yes."
Question 1: Can a quorum court require constables to achieve a certainlevel of training before they are funded?
I believe the answer to this question is "no."
Article 7, § 47 of the Arkansas Constitution provides:
 The qualified electors of each township shall elect the constable for the term of two years, who shall be furnished by the presiding judge of the county court with a certificate of election, on which his official oath shall be indorsed.
Section 14-14-205(d) of the Arkansas Code provides: "The compensation of all constables serving in any official capacity established by law shall be fixed by ordinance of the quorum court in each county." Similarly, A.C.A. § 21-6-308 provides: "The quorum court shall fix the salary of the constables that are elected within the jurisdiction of the quorum court." Finally, A.C.A. § 14-14-1203 provides in pertinent part: "All compensation . . . and other remunerations allowed to any county or township officer . . . shall be made only on specific appropriation by the quorum court of the county."
In the attached Ark. Op. Att'y Gen. No. 95-166, my predecessor opined that the plain language of A.C.A. § 14-14-205(d) dictates that the salaries of all constables within the jurisdiction of a quorum court be set at the same level regardless of whether they have differing degrees of training and experience. I fully agree with my predecessor's analysis and conclusions. Moreover, I am reinforced in this conclusion by the fact that A.C.A. § 21-6-308 refers in the singular to "the salary of the constables" in any given county. (Emphasis added.) I am obligated to construe this statutory language just as it reads, "giving the words their ordinary and usually accepted meaning in common language." Brimerv. Arkansas Contractors Licensing Bd., 312 Ark. 401, 405, 849 S.W.2d 948
(1993).
In my opinion, not only is a quorum court prohibited from establishing salary distinctions among constables based on experience and training, it is further precluded from dictating any qualifications whatsoever for the position. Subsection 14-14-1301(b)(2) of the Code provides: "There shall be elected in each township, as preserved and continued in 14-14-401, one (1) constable who shall have the qualifications and perform such duties as may be provided by law." The referenced "qualifications" for this elective office consist of nothing more than the constitutional requirement that a constable reside in the township he represents. Ark. Const. art. VI, § 16 and art. XX, § 16; accord A.C.A. § 14-14-1306.[1]
It would clearly run afoul of the Constitution for a quorum court to restrict the field of potential candidates for this position by imposing any further training qualifications. As my predecessor noted in Ark. Op. Att'y Gen. No. 91-090:
 As elected officials, constables appear to be exempt from the certification requirements of the statutes governing law enforcement training and standards. See A.C.A. § 12-9-102(1) (1987); Credit v. State, supra, [25 Ark. App. 309, 758 S.W.2d 10 (1988)]. While statutes governing the Arkansas Law Enforcement Training Academy make reference to constables, indicating that constables at one time attended the Academy, see A.C.A. §§ 12-9-205 and 12-9-206 (1987), the provision exempting elected officials from the certification requirements was passed later in time and must be deemed to have amended these provisions regarding constables.
Notwithstanding the foregoing, nothing precludes a quorum court from simply declining to fund constables. See, e.g., Farnsworth v. WhiteCounty, 312 Ark. 574. 851 S.W.2d 451 (1993) (affirming non-salaried constable's entitlement to worker's compensation benefits); Ark. Op. Att'y Gen. No. 98-086 (addressing whether a non-salaried constable is eligible to serve on a county board of education). However, if a quorum court chooses either to deny or to adjust funding, this policy must apply equally to all constables in the county.
Question 2: Can a quorum court set the rate of compensation forconstables based upon their level of training?
As reflected in the preceding discussion, I believe the answer to this question is "no." The quorum court has discretion to set compensation for constables at whatever level it chooses, but the compensation must be the same for all constables in the county.
Question 3: Does paying constables at different levels violate any stateor federal employment laws?
As reflected in my response to question 1, in my opinion paying constables at different levels would violate the provisions of A.C.A. §§14-14-205(d) and 21-6-308. I am unaware of any additional legislation that might bear on this question.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosure
[1] The law-enforcement related duties of constables are set out generally at A.C.A. § 16-19-301 and § 16-19-503. Section 16-19-301
specifically provides that "each constable shall be a conservator of the peace in his township and shall suppress all riots, affrays, fights, and unlawful assemblies, and shall keep the peace and cause offenders to be arrested and dealt with according to law."