The Honorable Lindbergh Thomas State Representative P.O. Box 505 Grady, AR 71644-0505
Dear Representative Thomas:
This is in response to your request for an opinion on a question that I will paraphrase as follows:
 Does the entity operating as the Grady City Court constitute a properly organized city court, a municipal court or neither?
You have enclosed several documents with your request. The first is a legal memorandum addressed to the mayor and dated June 20, 2001, in which the Grady City Attorney concludes that the "Grady court system" is a city court, not a municipal court. The second is a letter dated June 21, 2001, from the mayor of Grady to city council members purporting to "declare that the Grady court is a city court" and to "appoint Victor Harper to continue serving as City Court Judge."
In his memorandum, the city attorney offers the following historical analysis:
 Prior to December 1976, Grady operated as [sic] a city court. On December 7th, 1976, after a presentation by then Star City Municipal Judge Murray F. Armstrong, the city council voted, according to the minutes of that meeting, to allow "City of Grady's Court to be held at Municipal Court, Star City Jurisdiction . . ." (misspellings in original). Thereafter, the Grady court began operating as a "division" of the Star City Municipal Court. No ordinance was passed.
 The Grady court does not, and has never, exercised any of the powers of a municipal court. Those functions have been carried out by the Star City Municipal Judge under his county-wide jurisdiction. For example: small claims and civil cases for Grady residents are filed on the Star City municipal court docket and heard on the Star City municipal court date; and probable cause bonds on city felony detainees are issued on form orders under the Star City Municipal Court.
 I have also attempted to determine what the city council's intent was in 1976. In reviewing the minutes of the December 7th, 1976 meeting, there are some typographical errors, and presumably, the statement "to be held at Star City Municipal Court, Star City Jurisdiction" should have read "to be held as Star City Municipal Court, Star City Jurisdiction." Regardless, it is clear that neither Judge Armstrong nor the Grady City Council ever claimed that Grady had any jurisdiction as an independant [sic] municipal court. The stationary [sic] used by the Grady court also makes this clear, as it identifies "[t]he Municipal Court of Star City, Grady Division."
* * *
 It is therefore clear that what Grady has is what it had prior to December 7th, 1976 — a city court. Citations are still issued by Grady police officers; fines are still deposited into accounts belonging to the City of Grady, which budgets the money to operate the court system. The only practical change that occurred on December 7th, 1976, was that the Grady City Council, in essence, approved the appointment of Judge Armstrong to preside over the Grady court, and to use his county-wide jurisdiction as a Municipal Judge.
As the city attorney points out in his memorandum, Grady is a city of the second class. The Grady city attorney reports his belief that cases involving Grady city ordinances have always been tried within the City of Grady, although there is apparently no confirmation in the record of this fact.
RESPONSE
I lack information to determine even that the City of Grady had a properly established city court before 1976, much less that Judge Armstrong was properly appointed Grady City Court Judge in 1976. I see no bar to the mayor in 1976 appointing the Star City Municipal Judge as Grady City Court Judge, although nothing in the record reflects that this happened. With respect to the current mayor's letter of June 21, 2001 designating the Grady court a city court and appointing the Star City Municipal Judge to the position of Grady City Judge, I believe this action either created or confirmed the existence of a city court. However, I believe the appointment of a municipal judge to this position may well be impermissible under Ark. Const. amend. 80.
The recently adopted Ark. Const. amend. 80 reorganized the court system in Arkansas. Section 19(B)(2) of Amendment 80, which deals with the jurisdiction of courts in existence at the time of the amendment's adoption, provides in pertinent part:
 District Courts shall have the jurisdiction vested in Municipal Court, Corporation Courts, Police Courts, Justice of the Peace Courts, and Courts of Common Pleas at the time this Amendment takes effect. District Courts shall assume the jurisdiction of these courts of limited jurisdiction and other jurisdiction conferred in this Amendment on January 1, 2005.[1] City Courts shall continue in existence after the effective date of this amendment unless such City Court is abolished by the governing body of the city or by appropriate action of the General Assembly. Immediately upon abolition of such City Court, the jurisdiction of the City Court shall vest in the nearest District Court in the county where the city is located.
It thus appears that the distinction between an unabolished city court and a municipal court, whether designated as such or as a "district court," remains intact.
The creation of a city court in a city of the second class is expressly authorized by A.C.A. § 14-44-108, which provides in pertinent part:
 (a) The mayor of a city of the second class shall have, within the limits of the city, all the jurisdiction and power of a justice of the peace in all civil or criminal matters arising under the laws of this state, to all intents and purposes. For crimes and offenses committed within the limits of the city, the mayor's jurisdiction shall be coextensive with the county.
 (b) Any mayor may designate, at such times as he shall choose to do so, any attorney regularly licensed to practice law and a resident of the county in which the city or town is located, to sit in the mayor's stead as judge of the city court. All fines and penalties assessed by the court in such a case shall continue to be paid into the city treasury. The attorney sitting in the stead of the mayor shall charge and collect the same fees as justices of the peace are allowed for similar service.
* * *
 (d)(1) The mayor shall have exclusive jurisdiction of all prosecutions for violation of any ordinances of the city;
 (2) He may award and issue any process or writs that may be necessary to enforce the administration of justice throughout the city, and for the lawful exercise of his jurisdiction, according to the usages and principles of law. . . .
The jurisdiction of city courts is set forth at A.C.A. §16-88-101(a)(3)(A):
 City and police courts shall have exclusive jurisdiction of all prosecutions and actions for infractions of the bylaws or ordinances of the city or town in which they are located, concurrent jurisdiction with the circuit courts and justices' courts of prosecutions for misdemeanors committed in the town or city and also concurrent jurisdiction in the cases provided by the special statutes creating or regulating such courts.
City courts were formerly designated "mayor's courts" and can be presided over by a justice of the peace, the mayor, the city recorder in the event of the mayor's infirmity or absence, A.C.A. § 14-42-111, or a licensed attorney appointed by the mayor, A.C.A. §§ 14-44-108(b) and 16-18-112(b). The Arkansas Supreme Court has held that a city court "can sit only inside the city limits but has powers of process extending throughout the county." Lee v. Watts, 243 Ark. 957, 965, 423 S.W.2d 557 (1968).
The jurisdiction of municipal courts is set forth at A.C.A. § 16-17-704
and includes the authority to adjudicate state misdemeanor violations committed within the county or district, as well as contract disputes involving $5,000 or less. Municipal court jurisdiction is consequently broader than that of a city court.
As the Grady city attorney correctly points out, no statutory authority exists that would empower the city independently to establish a municipal court. Section 16-17-204 of the Arkansas Code provides:
 Any city having a population of two thousand four hundred (2,400) or more or any county-seat town with less than two thousand four hundred (2,400) population not now having a municipal court may establish a municipal court by passing an ordinance of the city council or other governing body of the city, creating and establishing a municipal court under the provisions of this subchapter.
Grady is not the county seat of Lincoln County, and it lacks the requisite population to establish a municipal court under this statute. Moreover, the city attorney reports that no ordinance was ever passed purporting to establish a municipal court.
In theory, the city might have opted to create a "shared" municipal court with Star City pursuant to the following statute:
 Any two (2) or more cities or incorporated towns within the same county, whether or not the county has an established municipal court on March 7, 1973, may enter into agreements after the enactment of ordinances therefor by the governing bodies of the respective cities or towns whereby the cities or towns shall each establish a municipal court.
A.C.A. § 16-17-403(a)(1). However, this statute further requires that the judge be elected by the voters of the two cities or of the entire county — a condition the city attorney reports was never met.
It is unclear from the record whether the city council in 1976 purported to approve as the Grady city court's presiding judge the Star City municipal judge. Under the provisions of A.C.A. § 14-44-108(b), the only conditions to such dual service would be that the judge be a licensed lawyer and live in the county where the city is located — conditions the Star City municipal judge may well have met, since both Grady and Star City are located in Lincoln County. However, A.C.A. § 14-44-108(b) further dictates that the mayor, not the city council, designate his substitute as presiding officer over the city court. Even assuming the Grady city council in 1976 formally voted to appoint the municipal judge to preside over city court, this approval in itself would amount to action by the mayor only if the mayor in fact participated in the vote to break a tie, as he is authorized to do under the following statute:
 The mayor in cities of the second class shall be ex officio president of the city council, shall preside at its meetings, and shall have a vote to establish a quorum of the council, or when the mayor's vote is needed to pass any ordinance, bylaw, resolution, order, or motion.
A.C.A. § 14-44-107(a). If the mayor did not vote or in some other fashion manifest his approval of the appointment, the delegation of the mayor's power would appear to have been invalid.[2]
Regardless of the legal implications of what happened in December 1976, I believe the current Grady mayor effectively created or confirmed the existence of a Grady city court by declaring its existence in his June 21, 2001 letter to the Grady city council. This declaration appears consistent in all respects with the provisions of A.C.A. § 14-44-108(b) and consequently should not be subject to successful challenge.
However, I believe a different conclusion may well apply to the mayor's attempt to appoint the current Star City municipal judge to the position of Grady city judge. Although this office has previously opined that a municipal judge may simultaneously serve as a city judge, see the attached Ark. Op. Att'y Gen. No. 90-294, this opinion may well have been superseded by Ark. Const. amend. 80 § 16(F), which provides:
 Circuit, District, and Appellate Court Judges and Justices shall not be allowed any fees or perquisites of office, nor hold any other office of trust or profit under this state or the United States, except as authorized by law.
As previously noted, municipal court judges have already been denominated district court judges pursuant to Act 1693 of 2001. However, Ark. Const. amend. 80 § 19(B)(2) expressly provides that the district courts shall not assume the municipal courts' jurisdiction until January 2005, although this same subsection declares that jurisdiction will vest "at the time this Amendment takes effect" — i.e., July 1, 2001. I am frankly confused by this apparent contradiction, and my confusion extends to the proscription against dual service set forth at Ark. Const. amend. 80 § 16(F), which I am uncertain will take effect before January 2005. I can only opine that if this provision is currently in effect, it bars a municipal or district judge from concurrently serving as city court judge. However, even if the provision currently applies, I do not believe it undermines the mayor's declaration that a city court exists. I am only confirmed in this opinion by the fact that the mayor acknowledged his appointment of the Grady city court judge more than a week before any provision of Amendment 80 took effect.
Finally, as previously noted, it is not entirely clear whether the Grady court has ever convened in Star City. If it has, I believe this venue might have been successfully challenged as inappropriate for the reasons set forth in Watts, 243 Ark. at 965-66 (holding that a mayor's designee has "no greater authority or broader venue for holding Mayor's Court than the mayor himself"). However, as the court noted in Prairie ImplementCo. v. Circuit Court, Prairie County, 311 Ark. 200, 202, 844 S.W.2d 299
(1992):
 This court understands that venue is a procedural matter, not a jurisdictional one. Mark Twain Life Ins. Corp. v. Cory, 283 Ark. 55, 670 S.W.2d 809 (1984). This distinction is made clear in our holdings that, absent an objection, a trial court has the power to render a binding judgment even though venue was not proper. See Gland-O-Lac v. Creekmore, 230 Ark. 919, 327 S.W.2d 558 (1959).
Any past mistakes with respect to venue should consequently be beyond challenge.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] Notwithstanding this deferral of jurisdiction, Act 1693 of 2001 § 1(b) provides that "District courts shall have the jurisdiction vested in the presently established municipal courts." To further confuse matters, Act 1809 of 2001, which amends various Arkansas statutes, repeatedly refers to "municipal court, district court, city court or police court," suggesting that municipal court survives as a category distinct from district court.
[2] It is quite possible that the delegee's decisions as city court judge would likewise be invalid. There is some question whether a city judge impermissibly invested with authority, and hence bereft of de jure
authority, might nevertheless exercise full judicial power as a de facto
official. As the Arkansas Supreme Court noted in Landthrip v. City OfBeebe, 268 Ark. 45, 50, 593 S.W.2d 458 (1980):
 When a court is organized under color of law, e.g., when its creation is authorized by law, but the proceedings creating it are irregular or defective, it is a de facto court, and its judgments and proceedings are not open to collateral attack.
See also Ark. Op. Att'y Gen. No. 2001-015 (discussing in detail the concept of de facto authority). However, in an instance when the individual or entity purporting to delegate the authority lacks even apparent authority to do so, the delegation is a nullity and the purported delegee lacks any authority whatsoever. Matthews v. Bailey,198 Ark. 830, 843, 131 S.W.2d 425 (1939).