The Honorable Jim Bob Duggar State Representative 2101 Johnson Road Springdale, AR 72762-6030
Dear Representative Duggar:
I am writing in response to your request for an opinion on the following questions regarding the relative authority and responsibility of constables and municipal police officers:
 1. If a constable and a municipal police officer are both summoned to a neighborhood incident or disturbance, does either have the primary authority or responsibility to address the situation? If so, which?
 2. If the answer to (1) above is no, does it matter if one was on the scene before the other?
 3. If the constable was on the scene first, does the municipal officer have the authority to take over and order the constable to leave and to arrest the constable if he refuses?
 4. In light of the governing statutory law as well as Credit v. State, 25 Ark. App. 309, 758 S.W.2d 10 (1988), if a constable is elected to a township that contains a municipal or now district court, then can that constable make arrests for offenses committed in his presence? In other words, are these offenses in these jurisdictions "cognizable before a Justice of the Peace?
 5. If a constable is charged with committing a criminal act while acting in his official capacity, is the county attorney required to serve as defense counsel for the constable?
RESPONSE
It is my opinion that the answer to your first three questions is, generally, "no." The answers to your fourth and fifth questions are, in my opinion, "yes" and "no," respectively.
Question 1 — If a constable and a municipal police officer are bothsummoned to a neighborhood incident or disturbance, does either have theprimary authority or responsibility to address the situation? If so,which?
While the facts in a particular case may require some revision of this opinion, it is my opinion as a general matter that neither the constable nor the municipal police officer has primary authority or responsibility, assuming that the scene of the incident or disturbance is within the jurisdiction and realm of duties of both officers.[1]
Rather, in my opinion, the constable and the municipal officer likely have overlapping authority. I have found no statute suggesting that one of these officers would necessarily have authority over the other in a situation involving concurrent powers and duties, nor has my research yielded any general support for this proposition. Cf. Op. Att'y Gen.93-261 (concluding that both the sheriff and the constable have a right, pursuant to their respective duties, to be at a crime scene that is within the constable's jurisdiction).
Question 2 — If the answer to (1) above is no, does it matter ifone was on the scene before the other?
The answer to this question is "no," in my opinion. Assuming, as noted above and in the absence of any facts suggesting otherwise, that their authority at the scene is overlapping, then I can perceive no basis upon which to conclude that this authority would be impacted by the fact that one was at the scene before the other.
Question 3 — If the constable was on the scene first, does the municipalofficer have the authority to take over and order the constable to leaveand to arrest the constable if he refuses?
It is my opinion that the answer to this question is "no," following the assumptions noted above. Cf. Op. 93-261, supra (opining that the sheriff lacks authority to order removal of a constable from a crime scene that is within the constable's jurisdiction and duties, citing Ex parteSimpson, 281 Ark. 458, 664 S.W.2d 872 (1984)).
Question 4 — In light of the governing statutory law as well as Creditv. State, 25 Ark. App. 309, 758 S.W.2d 10 (1988), if a constable iselected to a township that contains a municipal or now district court,then can that constable make arrests for offenses committed in hispresence? In other words, are these offenses in these jurisdictions"cognizable before a Justice of the Peace?
It is my opinion that the answer to this question is in all likelihood "yes." Please note that I have enclosed a copy of a previous Attorney General Opinion that addresses this issue. Op. Att'y Gen. 98-063. As noted in the opinion, this matter is not entirely clear and would benefit from legislative or judicial clarification. Id. at 1 4. I agree, however, that if faced with the question, an Arkansas court would likely conclude that a constable has the authority to make a warrantless arrest for an offense committed in his presence even if a municipal court (now district court)[2] has been established in the township.
Opinion 98-063 based this conclusion upon a thorough analysis of the relevant statutes and case law, including Credit v. State, following established rules for determining legislative intent. I agree with the analysis and with the conclusion in this opinion. I refer you to the opinion for that analysis, rather than restating it herein. In sum, I agree that if presented with the issue, a court in all likelihood would not extend the holding in Credit, and that whether an offense is cognizable before a justice of the peace is irrelevant to the issue of whether a constable has the authority to make an arrest.
Question 5 — If a constable is charged with committing a criminal actwhile acting in his official capacity, is the county attorney required toserve as defense counsel for the constable?
The answer to this question is "no." There is no requirement that a county attorney serve as criminal defense counsel for any official. See
A.C.A. § 16-21-114 (Repl. 1999) (providing for a "county attorney" who will perform "[a]ll civil duties provided by the laws of the State of Arkansas or the ordinances of the several counties to be performed by the prosecuting attorney. . . .") (Emphasis added).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosure
[1] A constable has peacekeeping duties within his township. See
A.C.A. § 16-19-301 (Repl. 1999). The jurisdiction of a municipal police officer extends, generally, to the corporate limits of the city, and his duties include enforcement of city ordinances. See A.C.A. §§ 14-52-202 and -203 (Repl. 1998) and Perry v. State, 303 Ark. 100, 102-103,794 S.W.2d 141 (1990) (discussing the instances in which local police officers can act outside their territorial jurisdiction).
[2] Municipal courts are now known as "district courts," following passage of Amendment 80 to the Arkansas Constitution and Act 1693 of 2001 (codified as A.C.A. § 16-17-132 (Supp. 2001)). See A.C.A. § 16-17-132
(a)(1)(A).