The Honorable David Dunn State Representative Post Office Box 208 Forrest City, Arkansas 72336-0208
Dear Representative Dunn:
I am writing in response to your request for an opinion on the propriety of an elected constable issuing traffic citations on Interstate 40. Your request indicates that the constable, who is also the chief of police, [1] was patrolling the highway in a law-enforcement vehicle and issuing tickets for traffic offenses. Both the law-enforcement vehicle and the speeding tickets were marked with the appropriate constable indicia. The interstate area within which the constable patrolled and issued tickets is within the township the constable served.
RESPONSE
To more efficiently answer your question, I will break it into two separate questions: Can constables patrol portions of interstate highways within the boundaries of their townships? If so, can constables issue traffic citations on those highways? I believe the answer to both questions is "yes."
As for the first sub-question, I believe a court would hold that constables may patrol interstate highways within their township boundaries. The Arkansas Constitution establishes the office of constable, but constables' duties and obligations have historically been defined by statute. The General Assembly has *Page 2 
given constables law-enforcement jurisdiction that is coextensive with the boundaries of their township. See A.C.A. § 16-19-301 (Repl. 1999). The General Assembly has never restricted constables from operating on interstate highways that are properly within constables' township boundaries.[2] Therefore, given constables' broad law-enforcement authority within their township boundaries, and the lack of any specific restriction on patrolling interstate highways inside those township boundaries, I believe a court would likely hold that constables may patrol portions of interstate highways within their township boundaries.
As for the second sub-question, in my opinion constables likely have the authority to issue citations to speeding motorists on the portions of interstate highways within the constable's township boundaries. A constable is a "law enforcement officer" for purposes of the Arkansas Rules of Criminal Procedure.[3] Rule 5.1(a) of those rules defines a "citation" as "a written order, issued by a law enforcement officer who is authorized to make an arrest, requiring a person accused of violating the law to appear in a designated court or governmental office at a specified time." (Emphasis added.) Therefore, because "law enforcement officer[s]" may issue citations, and a constable is a law enforcement officer, constables may issue citations.
Because constables have authority to issue citations, the next question is when constables may issue citations. Rule 5.2(a) of the Arkansas Rules of Criminal Procedure permits law enforcement officers to issue citations when, inter alia, the officer had authority to arrest the suspected violator: "A law enforcement officer in the field acting without a warrant who has reasonable cause to believe that a person has committed any misdemeanor may issue a citation in lieu of arrest or continued custody."[4] Therefore, constables may issue citations when they have authority to arrest a suspected violator. *Page 3 
Because constables' citation authority is tied to their arrest authority, the next question is whether constables may arrest forspeeding violations. The principal statute setting out constables' arrest authority states: "If any offense cognizable before a justice ofthe peace in his township is committed in his presence, the constable shall immediately arrest the offender and cause him to be dealt with according to law." A.C.A. § 16-19-301(b) (emphasis added). In short, constables have arrest authority for, inter alia, all criminal matters that fall within the jurisdiction of justices of the peace.[5] While Amendment 80 to the Arkansas Constitution altered the judicial system and abolished justices of the peace, [6] the jurisdiction of justices of the peace was well known, as the Arkansas Court of Appeals explained:
 Article 7, § 40 of the Arkansas Constitution declares those matters which shall be cognizable before a justice of the peace. It provides that justices of the peace "shall have original and concurrent jurisdiction . . . [as] proscribed by law." The legislature has vested in justices of the peace "jurisdiction in all [criminal] matters, less than felony. . . ."
Credit v. State, 25 Ark. App. 309, 311, 758 S.W.2d 10, 11 (1988) (internal citations omitted). *Page 4 
The General Assembly has therefore authorized constables to arrest people who, under previous law, would have been subject to the criminal jurisdiction of justices of the peace. This authority still stands, in my opinion, notwithstanding the adoption of Amendment 80 in 2000 because the General Assembly has taken no action to amend constables' arrest authority. Under previous law, justices of the peace had criminal jurisdiction to hear "all criminal matters[] less than [a] felony." The Arkansas Criminal Code establishes three broad tiers of criminal offenses in Arkansas: felonies, misdemeanors, and violations. A.C.A. § 5-1-105 (Repl. 2006). Because the latter two are less severe than felonies, and justices of the peace had authority to hear all criminal matters "less than [a] felony," justices of the peace could hear misdemeanors and violations. The Arkansas Criminal Code defines a "violation" to include most[7] instances of speeding:
 (a) An offense is a violation if the offense is designated a violation by:
 (1) The Arkansas Criminal Code; or
 (2) A statute not a part of the Arkansas Criminal Code.
 (b) Regardless of any designation appearing in the statute defining an offense, an offense is a violation for purposes of the Arkansas Criminal Code if the statute defining the offense provides that no sentence other than a fine, fine or forfeiture, or civil penalty is authorized upon conviction.
A.C.A. § 5-1-108 (Repl. 2006). Therefore, justices of the peace had jurisdiction to hear speeding violations.
Given that the General Assembly authorized constables to arrest those who were subject to the criminal jurisdiction of justices of the peace before the people adopted Amendment 80, and justices of the peace had jurisdiction over violations, the General Assembly has, in my opinion, authorized constables to arrest for violations. Further, because constables can issue citations to those whom they can arrest, constables can issue citations to those who commit violations. Therefore, *Page 5 
in my opinion constables can issue speeding tickets on the portions of interstate highway within their township boundaries.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] This office has consistently opined that there is no inherent conflict in a single person holding the office of constable while simultaneously serving as a municipal police officer. E.g. Op. Att'y Gen. 92-166.
[2] Instead, the General Assembly has restricted municipal officers from operating on interstate highways. See A.C.A. § 12-8-106 (Supp. 2007).
[3] ARCrP 1.6(a) (`"Law enforcement officer' and `officer' mean any person vested by law with a duty to maintain public order or to make arrests for offenses."); see also Credit v. State, 25 Ark. App. 309,758 S.W.2d 10 (1988) (upholding the arrest, citation, and conviction of motorist by a constable for a misdemeanor traffic-offense).
[4] The language contained in ARCrP 5.2(a) appears to limit law enforcement officers' citation authority to only misdemeanor offenses. As my predecessor explained, such a limited reading of ARCrP 5.2(a) is too narrow:
 While the rule refers only to misdemeanors, and not to violations, it is my opinion that the rule would be interpreted to confer authority to issue citations with respect to violations. The Rules of Criminal Procedure do not expressly classify offenses at all, and implicitly classify offenses only as felonies and misdemeanors; violations, as a type of offense, are not mentioned anywhere in the Rules. It appears that A.R.Cr.P. 5.2(a) was intended to mean that citations may not be issued with respect to felonies on the officer's initiative only, but may be issued by him with respect to misdemeanor and lesser offenses. If the rule were interpreted otherwise, an officer could issue a citation to a person to be charged with a misdemeanor, but would be compelled to arrest a person to be charged with a violation, an offense of lesser gravity than a misdemeanor. Such a result could not have been intended.
Op. Att'y Gen. 96-021, at 4; see also Op. Att'y Gen. 97-001.
[5] As my predecessor explained, the General Assembly has granted constables powers beyond those pertaining to the jurisdiction of justices of the peace. See Op. Att'y Gen. 98-063.
[6] Amendment 80 was adopted at the November 2000 general election.
[7] If an instance of speeding rises to the level of a misdemeanor under A.C.A. § 5-5-105 (Repl. 2006), the constable is still authorized to arrest, and therefore, issue a citation because the misdemeanor is a criminal matter less severe than a felony.

 *Page 1